

**PRYOR CASHMAN LLP**

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

New York | Los Angeles | Miami

pryorcashman.com

**Todd E. Soloway**

Direct Tel: 212-326-0252
Direct Fax: 212-798-6328
TSoloway@PRYORCASHMAN.com

June 5, 2023

**VIA ECF**

Hon. Nelson J. Román
Hon. Cathy Seibel
Hon. Philip M. Halpern
United States District Judges
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re: *Palisades Estates EOM, LLC et al. v. County of Rockland, New York et al.*,
           <u>Index No. 7:23-cv-04215-NSR – Related Case Statement</u>

Dear Judges Román, Seibel and Halpern:

    We are counsel to Plaintiffs in the above-referenced federal action pending before Judge Román. Pursuant to Southern District of New York Local Civil Rule 1.6, we have a continuing legal duty to bring to Your Honors' attention civil cases pending before Your Honors which are related to the above-referenced case before Judge Román. Specifically, *Town of Newburgh, New York v. Newburgh EOM LLC, et al.*, Index No. 7:23-cv-04212 ("Newburgh"), currently before Judge Seibel, and *Town of Poughkeepsie v. South Road Hospitality LLC et al.*, Index No. 7:23-cv-04214 ("Poughkeepsie"), currently before Judge Halpern, are substantially related to *Palisades Estates EOM, LLC et al. v. County of Rockland, New York et al.*, Index No. 7:23-cv-04215 ("Palisades Estates"), pending before Judge Román.[1] Accordingly, to avoid unnecessary duplication of judicial effort and the potential for inconsistent judgments, we respectfully request that *Newburgh* and *Poughkeepsie* be considered for reassignment to be heard before Judge Román

---

[1] We filed Related Case Statements in *Newburgh* and *Poughkeepsie* upon the filing of the Notices of Removal in those actions explaining how *Newburgh* and *Poughkeepsie*, respectively, are related to another case currently before Judge Roman, *Deide, et al. v. Day, et al.*, Index No. 7:23-cv-03954. However, at the time of filing of those Notices of Removal, the *Palisades Estates* case had not yet been commenced. As *Palisades Estates* has now been accepted by Judge Roman as related to *Deide*, we write under Local Rule 1.6 to explain how *Newburgh* and *Poughkeepsie* are related to *Palisades Estates* and why those removed actions should be considered to be heard by Judge Roman.



Hon. Nelson J. Román
June 5, 2023
Page 2

as the removed cases are substantially related cases to the federal action before him in *Palisades Estates*.[2]

1. **_Palisades Estates_**

Plaintiffs in *Palisades Estates* assert claims under the U.S. Constitution and federal statutes against the counties, municipalities, and related governmental entities for violations of the 14th Amendment, the Supremacy Clause, federal statutes barring hotels from discrimination on the basis of alienage and national origin, the Contract Clause, and federal field and conflict preemption concerning the housing of refugees and aliens under U.S. immigration laws, without limitation. By the Complaint in *Palisades Estates* the plaintiffs assert that the challenged County Executive Orders are unconstitutional both on their face and *as applied*.

For example, the challenged Orange County Executive Order on its face states that the zoning laws of local municipalities shall be used to enforce the mandate set forth in the Executive Order that hotels not rent to migrants or asylum seekers. The Orange County Executive Order mandates that "all hotels, motels and/or any facilities allowing short-term rentals do not accept said migrants and/or asylum seekers for housing within Orange County." Just two paragraphs before that facially unlawful mandate, the Orange County Executive Order on its face states that "<u>through enforcement of local zoning codes, said migrants and/or asylum seekers will face refusal, or eviction.</u>" (Emphasis added).

The Plaintiff Hotels and Plaintiff Rapid Reliable Testing, LLC ("RRT"), entered into hotel agreements pursuant to RRT's master agreement with the City of New York, to provide temporary public accommodations to Asylum Refugees. Critically, the *Newburgh* and *Poughkeepsie* zoning actions constitute the "*as applied*" bases upon which Plaintiffs' constitutional attack is alleged.

Indeed, Plaintiff's First Amended Complaint in *Palisades Estates* (ECF No. 32, annexed hereto as **Exhibit B**) specifically identifies the *Newburgh* and *Poughkeepsie* actions as constituting the "*as applied*" constitutionally impermissible conduct; the Counties' unconstitutional scheme contemplates and implements selective enforcement of local zoning and municipal laws to effectuate the Executive Orders' mandates prohibiting Plaintiffs from transporting and providing temporary public accommodations to the Asylum Refugees. *See Palisades Estates* Compl. ¶¶ 1,

---

[2] A true and correct copy of the Southern District of New York Related Case Statement Form explaining why Town of *Newburgh, New York v. Newburgh EOM LLC, et al.* and *Town of Poughkeepsie v. South Road Hospitality LLC et al.* are related to *Palisades Estates EOM, LLC et al. v. County of Rockland, New York et al.* is annexed hereto as **Exhibit A**. The First Amended Complaint in the *Palisades Estates* case is annexed as **Exhibit B**.



Hon. Nelson J. Román
June 5, 2023
Page 3

16, 17, 18, 19, 24, 28-29, 30, 31, 32, 33, 34, 35, 46-47,113-114, 115, 118-119, 120, 121, 122; and Second, Third, Fourth and Fifth Causes of Action at pp. 25 -30.

### 2. *Newburgh*

In *Newburgh,* we represent the Defendants Newburgh EOM LLC, Newburgh LLC d/b/a Crossroads Hotel, and Cross Roads Hotel (*sic.*) (which are the same party, collectively, "Crossroads"). The Town of Newburgh originally filed its Complaint in *Newburgh* in the Supreme Court of the State of New York, County of Orange, on May 12, 2023, and Crossroads filed a Notice of Removal to the Southern District of New York on May 21, 2023. Crossroads (the sole defendant entity in *Newburgh*) and the Town of Newburgh, New York (the sole plaintiff in *Newburgh*) are both parties to *Palisades Estates*. And the Town of Newburgh's state Complaint seeks to enforce its zoning laws against Crossroads exactly how the unconstitutional scheme set forth in the Orange County Executive Order intends, "through enforcement of local zoning codes, said migrants and/or asylum seekers will face refusal, or eviction."

Accordingly, where the Town of Newburgh State Complaint seeks relief which cannot be granted without necessarily implicating fundamental federal statutes and the U.S. Constitution, Crossroads' Notice of Removal filed in *Newburgh* (annexed hereto as **Exhibit C**), identifies and challenges the enforcement of the same County Executive Order and the same selective enforcement of zoning laws under the same constitutional and federal statutory bases as set forth in *Palisades Estates.*

### 3. *Poughkeepsie*

In *Poughkeepsie*, we represent Defendants South Road Hospitality LLC d/b/a Red Roof Plus, Hudson Conference Center LLC d/b/a Holiday Inn Poughkeepsie, and Sandip Patel (collectively, the "Poughkeepsie Defendants"). The Town of Poughkeepsie filed its Complaint in *Poughkeepsie* in the Supreme Court for of the State of New York, County of Dutchess, on May 19, 2023, and the Poughkeepsie Defendants filed a Notice of Removal to the Southern District of New York on May 21, 2023. The Poughkeepsie Defendants (encompassing all of the defendants in *Poughkeepsie*) and the Town of Poughkeepsie (the sole plaintiff in *Poughkeepsie*) are all parties to *Palisades Estates*.

Similar to the removed *Newburgh* action, the Poughkeepsie Defendants in their Notice of Removal (annexed hereto as **Exhibit D**), identify the enforcement of a substantially similar Dutchess County Executive Order through selective prosecution and enforcement of local codes. The Dutchess County Executive Order contemplates "through the enforcement of local sanitary code, zoning code and building code, migrants and/or asylum seekers may face refusal, removal, or eviction from hotels, motels or short term rentals…." *See Poughkeepsie* Compl. ¶ 16 and Exhibit



Hon. Nelson J. Román
June 5, 2023
Page 4

F thereto. Plaintiffs in *Palisades Estates*, now pending before Judge Román, challenge the very same selective enforcement of zoning laws by Poughkeepsie and Dutchess County under the same constitutional principles as set forth above.

### 4. Other Related Case

Similarly, another case currently before Judge Roman brought by the New York Civil Liberties Union – *Deide, et al. v. Day, et al.*, Index No. 7:23-cv-03954 – challenges the constitutionality of the same County Executive Orders and concerns the rights of the Asylum Refugees to lawfully accept temporary public accommodations at the very same hotels at issue in *Palisades Estates*, *Newburgh*, and *Poughkeepsie*.

Accordingly, we respectfully submit that where the cases of *Newburgh* and *Poughkeepsie* are substantially related to *Palisades Estates*, due deliberate consideration should be given by and between Your Honors concerning the reassignment of *Newburgh*, and *Poughkeepsie* to Judge Román so as to avoid unnecessary duplication of judicial effort and the risk of inconsistent judgments or decisions.

We thank Your Honors for your consideration of these related matters.

Respectfully submitted,

Todd E. Soloway

CC:   All Counsel