

■ **Main Office**
445 Hamilton Avenue
White Plains, NY 10601
Phone 914.946.4777
Fax 914.946.6868

■ **Mid-Hudson Office**
200 Westage Business Center
Fishkill, NY 12524
Phone 845.896.0120

■ **New York City Office**
505 Park Avenue
New York, NY 10022
Phone 646.794.5747

EDWARD J. PHILLIPS
Principal Member
ephillips@kblaw.com
Also Admitted in CT

June 7, 2023

**VIA FACSIMILE (914) 390-4179**

Hon. Nelson S. Román, U.S.D.J.
Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   *Palisades Estates EOM LLC, et al. v. County of Rockland, et al.*
      23 Civ. 4215 (NSR)

Dear Judge Román:

This firm represents Defendants Town of Orangetown (the "Town") and Town Supervisor Teresa M. Kenny, who is named in her official capacity only, in the above-reference action (together, the "Town Defendants").[1] Pursuant to Rule 3(A) of the Court's Individual Practices, we submit this letter to request a pre-motion conference. As set forth below, the Town Defendants intend to move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). This letter outlines the grounds for their motion.

**A.    The Amended Complaint**

Plaintiffs in this action consist of 7 hotel operators, 1 service provider (Rapid Reliable Testing NY LLC), and 1 individual (Sandip Patel) who assert constitutional violations arising from their alleged efforts to provide lodging and transportation services to individuals who have entered the United States seeking asylum (the "Asylum Refugees"). Although their pleading is far from clear, it appears that only Plaintiff Palisades Estates EOM, LLC ("Palisades") asserts claims for relief against the Town Defendants based upon certain zoning enforcement actions taken against the Armoni Inn & Suites (the "Armoni Hotel"), which is located in the Town of Orangetown. The Town's enforcement actions are being prosecuted in a pending action in the Supreme Court, Rockland County, captioned *Town of Orangetown v. Armoni Inn & Suites, LLC, Palisades Estates EOM, LLC, and Johnson Kirchner Holdings, LLC*, Sup. Ct. Rockland Cty. Index No. 032048/2023 (Hon. Christie D'Alessio, J.S.C., presiding) (the "Armoni Hotel Action"). In the Armoni Hotel Action, Palisades has admitted it operates the Armoni Hotel.

---

[1] As a matter of law, Plaintiffs' claims against Supervisor Kenny in her official capacity are redundant and subject to dismissal. *See Okarter v. City of Mount Vernon*, 2022 WL 2704278, at *4 (S.D.N.Y. July 12, 2022).



Hon. Nelson S. Román, U.S.D.J.
June 7, 2023
Page 2

As best we can tell from the Amended Complaint,[2] Palisades alleges that the Town's enforcement of its zoning code as against the Armoni Hotel constitutes selective enforcement in violation of its Equal Protection and Due Process rights. As against the Town Defendants, Palisades appears to seek three forms of relief: (1) a declaratory judgment declaring that the Town's enforcement of its zoning laws against the Armoni Hotel is unconstitutional, (2) an injunction staying the Armoni Hotel Action; and (3) compensatory damages.

As set forth below, the Amended Complaint should be dismissed as against the Town Defendants on multiple grounds, beginning with the *Younger* abstention doctrine.[3]

**B.     Younger Abstention**

As clarified in *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 134 S. Ct. 584 (2013), *Younger* abstention is required "only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022) (quotation marks and citations omitted). "[T]here are additional factors appropriately considered by the federal courts before invoking *Younger*, including whether the ongoing state judicial proceeding implicates important state interests and provides an adequate opportunity to raise federal challenges." *Milhaven v. Country Village Apartment*, 2020 WL 5663380, at *7 (S.D.N.Y. Sept. 23, 2020) (brackets, quotation marks and citation omitted). "When a *Younger* category applies, abstention is mandatory, and the federal district court must dismiss for lack of jurisdiction." *Gristina v. Merchan*, 2022 WL 1597732, at *2 (S.D.N.Y. May 19, 2022).

Applying this standard here, abstention is required because the Armoni Hotel Action constitutes a civil enforcement proceeding that falls within the second *Younger/Sprint* category. *Sprint* provides the criteria for making this assessment, which focuses upon whether the enforcement proceeding is "akin to a criminal prosecution" commenced by the state for some alleged wrongful act. *See Lowell v. Vermont Department of Children & Families*, 835 F. App'x 637, 639 (2d Cir. 2020) (citing *Sprint*, 571 U.S. at 79-80, 134 S.Ct. 584). Those criteria are satisfied here.

---

[2] The Amended Complaint is a confusing amalgamation of parties, factual allegations, and legal claims. Only a fraction of its content appears to involve the Town Defendants. In addition to its substantive pleading deficiencies, the Amended Complaint does not provide the "short and plain statement" required under Fed. R. Civ. P. 8(a). The Town should not have to resort to reviewing other pleadings and guesswork in order to discern the claims it must defend.

[3] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).



Hon. Nelson S. Román, U.S.D.J.
June 7, 2023
Page 3

In the Armoni Hotel Action, the Town alleges that the conversion of the Armoni Hotel into a non-transient housing shelter would violate multiple provisions of the Town Zoning Code. As a matter of law, zoning violations are criminal in nature and punishable by civil fines and/or imprisonment. *See* N.Y. Town Law § 268(1) (authorizing towns to impose fines and terms of imprisonment for zoning violations); Orangetown Town Code § 6A-2(E)(1) (authorizing the issuance of a summons for zoning violations returnable before the Justice Court); and § 41A-3 (setting penalties for violations). *See also Thomas v. Venditto* 925 F.Supp.2d 352 (E.D.N.Y. 2013) (*Younger* abstention warranted in light of criminal prosecution for zoning violations). In commencing the Armoni Hotel Action, the Town opted to proceed under Town Law § 268(2), which authorizes the commencement of an action for injunctive relief "in addition to other remedies" available to municipal enforcement officials to enjoin zoning violations.

*Younger* abstention is also appropriate because Palisades has raised allegations of "selective enforcement" in defense of the claims asserted in the Armoni Hotel Action, both in its pleading and in opposition to the issuance of preliminary injunctive relief. In addition, it is well established that the right of a municipality to enforce its land use regulations through "criminal and civil enforcement actions implicates important state interests." *Sendlewski v. Town of Southhampton*, 734 F.Supp.586, 591 (E.D.N.Y. 1990); *see also Novie v. Village Of Montebello*, 2012 WL 3542222 (S.D.N.Y. 2012). The Town Defendants will further show that the so-called "bad faith" exception to the *Younger* doctrine is inapplicable. *See Dosiak v. Town of Brookhaven*, 2017 WL 7048912, at *7 (E.D.N.Y. Nov. 27, 2017) (state court's issuance of temporary and preliminary injunctive relief precluded a finding of bad faith).

**C.     Other Grounds**

Even if the Amended Complaint could survive scrutiny under *Younger*, the Town Defendants will establish that the Equal Protection and Due Process claims asserted by Palisades are subject to dismissal under Fed. R. Civ. P. 12(b)(6). Among other deficiencies, the Amended Complaint does not describe how Palisades was allegedly treated differently compared with others similarly situated. *See Witt v. Village of Mamaroneck*, 992 F.Supp.2d 350, 359 (S.D.N.Y. 2014) (Ramos, J.) ("Plaintiffs are required to allege differential treatment from 'similarly situated' individuals in order to state a viable equal protection claim"). The Town Defendants will also show that the injunctive relief demanded in the Amended Complaint insofar as the Town, namely, staying the Armoni Hotel Action, is barred under the Anti–Injunction Act, 28 U.S.C. § 2283. *See Milhaven v. Country Village Apartment*, 2020 WL 5663380, at *9 (S.D.N.Y. Sept. 23, 2020) (the Anti-Injunction Act "presents an absolute ban on enjoining any state court proceeding, unless the facts of the case bring the matter within one of the three narrowly constrained exceptions") (quotation marks and citation omitted).



Hon. Nelson S. Román, U.S.D.J.
June 7, 2023
Page 4

Thank you for your consideration of this matter.

Respectfully submitted,

  */s/ Edward J. Phillips*

Edward J. Phillips

cc:    Itai Y. Raz, Esq. (iraz@pryorcashman.com)
       Lawrence P. Keating, Esq. (lkeating@pryorcashman.com)
       Perry M. Amsellem, Esq. (pamsellem@pryorcashman.com)
       Todd B. Marcus, Esq. (tmarcus@pryorcashman.com)
       Todd E. Soloway, Esq. (tsoloway@pryorcashman.com)
       (Attorneys for Plaintiffs)

       David H. Chen, Esq. (dchen@bpslaw.com)
       Matthew G. Parisi, Esq. (mparisi@bpslaw.com)
       Vincent W. Crowe, Esq. (vcrowe@bpslaw.com)
       William P. Harrington, Esq. (wpharrington@bpslaw.com)
       (Attorneys for Orange County Defendants)

       Sean (Hyun-Baek) Chung, Esq. (chung@litchfieldcavo.com)
       Attorneys for Defendant County of Saratoga, New York