BRIAN P CROSBY
R DONALD FINN
CHARLES S DESMOND, II
KATHLEEN M SWEET (NY & MA)
C CHRISTOPHER BRIDGE
NORMAN B VITI, JR
ROBERT G SCUMACI (NY & NJ)
TIMOTHY J GRABER
SALLY J BROAD
MELISSA L ZITTEL
RYAN P CRAWFORD
MICHAEL P SULLIVAN
MELISSA M MORTON
MELINDA L GRABOWSKI
JASON A GOODMAN
AMANDA C ROSSI
KYLE W DUKMEN

GEORGE M GIBSON
(1929-2002)

JAMES S McASKILL
(1929-1995)

THEODORE A JOERG
ELISHA D TEIBEL
MARK C BACHMAN
KRISTEN V LEW
NICOLE T JEFFREY-WILLIAMS
ALEXANDER J DOWNING
CHELSEA A MACDONALD

Special Counsel
ROBERT E SCOTT
MICHAEL J WILLETT
JOSEPH W DUNBAR
CRAIG R WATSON (NY & WA)
ROBERT D BARONE
KRISTIN A TISCI
AARON F GLAZER

Of Counsel
VICTOR ALAN OLIVERI
MARK SPITLER
CAROL WHITE GIBSON

**GIBSON, McASKILL & CROSBY, LLP**
ATTORNEYS AT LAW
69 DELAWARE AVENUE, SUITE 900
BUFFALO, NEW YORK 14202-3866
TELEPHONE: (716) 856-4200
FACSIMILE: (716) 856-4013
Service not accepted by fax or e-mail

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/2023

June 13, 2023

**MEMO ENDORSED**

**VIA CM/ECF**
Hon. Nelson S. Román
United States District Judge
Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

Plaintiffs are directed to respond to the letter herein on or before June 22, 2023.

Dated: June 14, 2023
White Plains, NY

SO ORDERED:

/s/ Nelson S. Román
HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

RE: *Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.*
United States District Court for the Southern District of New York
Case No.: 7:23-cv-04215

Dear Judge Román:

This law firm represents defendant, Niagara County, New York ("Niagara County"), in the above-referenced civil action. Pursuant to Rule 3(A) of the Court's Individual Practices, we submit this letter to request a pre-motion conference. Niagara County intends to move to dismiss the Amended Complaint on the grounds known to it as of the date of this correspondence, which are set forth below.

Plaintiffs, Palisades Estates EOM, LLC, Newburgh EOM LLC d/b/a Crossroads Hotel, Ratan Newburgh LLC d/b/a Ramada by Wyndham, South Road Hospitality, LLC, Hudson Conference Center, LLC, Route 9 Hotel LLC, Sai Ram Management LLC, Sandip Patel (collectively, the "Hotel Plaintiffs"), and Rapid Reliable Testing NY LLC ("RRT") (collectively, "Plaintiffs"), have commenced the instant action against numerous municipal defendants, alleging various constitutional violations arising out of the imposition of emergency executive orders across New York State. Much of the Amended Complaint contains generalized allegations against the municipal defendants.

**A.    Fed. R. Civ. P. 12(b)(1)**

   **1. Standing**

Niagara County intends to move to dismiss the Amended Complaint for lack of Article III standing. To establish constitutional standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable

Hon. Nelson S. Román
United States District Judge
June 13, 2023
Page 2

to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Moreover, to establish an injury in fact, the plaintiff must have suffered "an invasion of a legally protected interest which is (a) concrete and particularized … and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). While Niagara County recognizes that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," *id.* at 561, the Amended Complaint does not contain factual allegations sufficient to establish Article III standing including, in particular, that Plaintiffs have suffered an injury in fact that is fairly traceable to the conduct of Niagara County.

### 2. Ripeness

Niagara County intends to move to dismiss the Amended Complaint on the ground that this case is not ripe for review. "[A]n Article III court "cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998) (internal citations and quotations omitted). When evaluating whether an action is ripe, the court must consider "(1) the fitness of the issues for judicial review, and (2) the injury or hardship to the parties of withholding judicial consideration." *Nutritional Health Alliance v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998). Here, Plaintiffs have failed to allege any specific action they have taken in Niagara County or any perceptible connection to Niagara County generally that would indicate the claims against Niagara County are ripe for review.

### 3. Abstention

Niagara County intends to move to dismiss the Amended Complaint on the ground that the Court should abstain from exercising its jurisdiction under one or more abstention doctrines. *See Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976); *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

## B.   Fed. R. Civ. P. 12(b)(6)

Niagara County also intends to move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the Amended Complaint does not contain necessary factual allegations to survive a motion to dismiss. Among other deficiencies, the Amended Complaint does not contain allegations to indicate how Niagara County has substantially impaired Plaintiffs' contractual relationship; the Amended Complaint does not contain allegations sufficient to satisfy *Monell* and its progeny; the Amended Complaint does not contain allegations to describe how Plaintiffs were allegedly treated differently from other similarly situated; and the Amended Complaint contains no allegations of any tangible connection Plaintiffs have to Niagara County such that they have sustained an actual injury. Niagara County also intends to rely on the police powers doctrine.

Our understanding of Rule 3(A) of the Court's Individual Practices is that the filing of this letter request for a pre-motion conference stays current the deadline for Niagara County to move or answer, which is June 20, 2023, and that a new deadline by which Niagara County must move or answer will be set at the pre-motion conference. Kindly advise if our understanding is incorrect.

Hon. Nelson S. Román
United States District Judge
June 13, 2023
Page 3

    Niagara County also respectfully requests to extend the page limitation for memoranda of law in support of its motion to dismiss, per Rule 3(B) of the Court's Individual Practices.

    Thank you for your consideration of this matter.

Respectfully submitted,

*s/Brian P. Crosby*

Brian P. Crosby, Esq.
for GIBSON, McASKILL & CROSBY, LLP
bcrosby@gmclaw.com

BPC/edt