## COUNTY OF ONONDAGA



**J. Ryan McMahon, II**
**County Executive**

**Robert A. Durr**
**County Attorney**

### DEPARTMENT OF LAW
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, New York 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729

June 14, 2023

Via ECF

Hon. Nelson S. Román
United States District Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   *Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.*
       Civil Action No.: 7:23-cv-04215-NSR

Dear Judge Román:

      I represent Onondaga County in the above-referenced matter.  I write pursuant to Rule 3(A) of the Court's Individual Practices to request a pre-motion conference.  Onondaga County intends to move to dismiss the Plaintiffs' amended complaint (Doc. 32) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

      This action was initiated by a group of plaintiffs who are hotel operators, a service provider, and an individual.  The action appears to primarily pertain to the housing of individuals believed to be seeking asylum in the United States in hotels located within the geographic jurisdiction of the United States District Court for the Southern District of New York.  Onondaga County, located within the geographic jurisdiction of the United States District Court for the Northern District of New York, has no known connection to the Plaintiffs.  The action addresses certain executive orders issued by counties in New York named as defendants therein.  The executive orders in question, including one issued by Onondaga County, address the establishment of shelters for asylum seekers and/or migrants within those counties.

      The County intends to base its motion to dismiss on, *inter alia*, the failure of the Plaintiffs to make a plausible claim against the County and their lack of standing to challenge an executive order of Onondaga County which does not pertain to them or impact them in any manner.

Hon. Nelson S. Román
June 14, 2023
Page 2

### *Iqbal* and *Twombly*

My review of the amended complaint found an almost complete lack of any specific allegations against Onondaga County[1] with the exception of paragraph 81 of the amended complaint, which states:

> Upon information and belief, defendant County of Onondaga is a municipal corporation organized under the laws of the State of New York, with a principal place of business at 421 Montgomery Street, Syracuse, New York.

This constitutes the entirety of any specific allegation against Onondaga County.[2][3] The County believes this does not meet the pleading requirements promulgated in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). In order "[t]o survive a Rule 12(b)(6) motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Jackson v. County of Rockland*, 450 Fed.Appx. 15, 18 (2d Cir. 2011) *quoting Bell Atl. Corp.*, 550 U.S. at 570. In the instant case, the only facts that the Plaintiffs have alleged specifically against Onondaga County are that it is organized under the laws of the State of New York and its primary place of business is located on Montgomery Street in Syracuse, which we contend is not enough specific detail to establish a plausible claim against the County.

### Standing

The County also seeks to move to dismiss the amended complaint because the Plaintiffs are without standing to challenge the executive order of the Onondaga County Executive since they are not harmed or impacted by it in any way. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Moreover, as the Plaintiffs are all believed to be located, reside and transact business outside of Onondaga County, it is not possible for an Onondaga County executive order, which may only be enforced within the County, to control out-of-County activities. It should be noted that the amended complaint makes absolutely no claim that the Plaintiffs have any property located in, or ties or connection to Onondaga County whatsoever.

---

[1] The amended complaint makes reference to unidentified counties as "the Counties" at certain times.

[2] Without specifically citing to it, the Plaintiffs also include a May 18, 2023 Local Emergency Order of the Onondaga County Executive (executive order) as an exhibit (Doc. 32-3, pp. 68-70) appended to the amended complaint.

[3] Plaintiffs make reference in paragraph 123 of the amended complaint to "the remaining County Defendants" having issued executive orders regarding the transportation and housing of migrants, however, no specific reference to Onondaga County or any action of Onondaga County is made.

Hon. Nelson S. Román
June 14, 2023
Page 3

### Ripeness

As the Plaintiffs have suffered no injury as a result of the Onondaga County executive order their claims are not yet ripe, and the County also seeks to dismiss the amended complaint on this basis.

### Abstention

As there are presently two state court actions now pending in which the validity of the Onondaga County executive order is now being adjudicated, *Onondaga County v. City of New York, et al.* (Onondaga County Supreme Court, Index No. 005214/2023) and *City of New York, et al. v. Onondaga County, et al.* (New York County Supreme Court, Index No. 451368/2023), the County also respectfully contends that the District Court should abstain from exercising its jurisdiction in this matter, and plans to raise this issue in its motion.

Thank you for your review of the foregoing.

Respectfully,

John A. Sickinger
Senior Deputy County Attorney

cc: All Counsel of Record (Via ECF)