

**JAMES P. YOUNGS**
(315) 565-4500
jyoungs@hancocklaw.com

June 15, 2023

<u>Via ECF</u>
Hon. Nelson S. Román
United States District Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:   *Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.*
             Civil Action No.: 7:23-cv-04215-NSR

Dear Judge Román:

    This office is counsel for Defendant St. Lawrence County. We respectfully requests a pre-motion to dismiss conference pursuant to Rule 3(A) of the Court's Individual Practices.

    Plaintiffs' Amended Complaint contests several executive orders issued in various counties across New York State, which regulate the establishment of shelters for asylum seekers and migrants. St. Lawrence County has not issued any such executive order. Additionally, the Amended Complaint does not allege that any of the Plaintiffs reside or do business in St. Lawrence County, much less operate hotels there.  Indeed, the Amended Complaint does not raise any conduct by or connection to St. Lawrence County whatsoever.

    Accordingly, St. Lawrence County intends to move to dismiss Plaintiffs' Amended Complaint based on Plaintiffs' failure to state a plausible claim against St. Lawrence County, lack of standing, ripeness, abstention principles and improper service of process.

    **A. Failure to State a Claim/Failure to Plead with Sufficient Clarity**

    St. Lawrence County intends to move to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and/or failure to plead with sufficient detail to comply with Fed. R. Civ. P. 8. In order "[t]o survive a Rule 12(b)(6) motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Jackson v. County of Rockland*, 450 Fed. Appx. 15, 18 (2d Cir. 2011) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S.544, 570 (2007)). Plaintiffs' Amended Complaint fails to meet this standard, as it neglects to allege any actionable conduct attributable to St. Lawrence County. In fact, only a single paragraph in Plaintiffs' 196 paragraph Amended Complaint sets forth facts specific to St. Lawrence County. Namely, Paragraph 91 of the Amended Complaint provides:

Upon information and belief, defendant County of St. Lawrence is a municipal corporation organized under the laws of the state of New York, with a principal place of business at 48 Court Street, Canton, New York.

The Amended Complaint focuses exclusively on actions by Rockland County, Orange County, Duchess County, Town of Poughkeepsie and Town of Newburgh. Inexplicably, the Plaintiffs have sued many, but not all, other Counties located in Upstate State New York. With respect to those other Counites, the Amended Complaint contains nothing more than a vague, conclusory allegation that "the remaining County Defendants have issued executive orders similar to those issued by Rockland and Orange County . . . it is expected that they, too, will initiate similar actions seeking emergency injunctive relief in the immediate future." A. Compl. ¶ 123.

This speculative, vague allegation falls far short of the basic requirements of Fed. R. Civ. P. 8, which requires that a pleading allege sufficient facts to provide fair notice of the nature of the Plaintiffs' claim. Because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8, the Amended Complaint must be dismissed under those grounds, as well. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The only specific facts pertaining to St. Lawrence County alleged in the Amended Complaint are its status as a municipal corporation and its principal place of business. These allegations are insufficient to establish any plausible, non-speculative cause of action against St. Lawrence County.

### B. Standing

St. Lawrence County additionally intends to move to dismiss Plaintiffs' Amended Complaint for lack of standing under Fed. R. Civ. P. 12(b)(1). Article III standing requires that a plaintiff: (1) suffer an injury in fact; (2) that the injury in fact be fairly traceable to defendant's conduct; and (3) a favorable judicial decision will likely redress the injury in fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Further, in order for an injury in fact to exist, a plaintiff must have suffered "an invasion of a legally protected interest which is (a) concrete and particularized … and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted).

Plaintiffs' Amended Complaint, as pleaded, has not alleged that Plaintiffs have suffered any injury fairly traceable to St. Lawrence County. Further, Plaintiffs *cannot* allege an imminent injury attributable to St. Lawrence County because it does not allege that County has issued an executive order or local legislation concerning the establishment of shelters for migrants or individuals seeking asylum. Moreover, even if St. Lawrence County had issued an executive order of this nature, Plaintiffs do not allege that they are located in, own property or conduct any business whatsoever within St. Lawrence County. As a result, Plaintiffs would not be impacted, much less injured, by any executive order of the sort and therefore lack standing.

### C. Ripeness

St. Lawrence County will also seek dismissal under Fed. R. Civ. P. 12(b)(1) on grounds that this matter is not ripe for review. Ripeness requires "a real, substantial controversy, not a mere hypothetical question." *National Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *AMSAT Cable Ltd. V. Cablevision of Conn.*, 6 F.3d 867, 872 (2d Cir. 1993)). "A claim is not ripe if it depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quoting *Thomas v. Union Carbidge Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)).

As set forth above, the Amended Complaint does not allege that St. Lawrence County has issued an executive order relating to the establishment of shelters for individuals seeking asylum, much less that it has taken any specific action with respect to the Plaintiffs giving rise to a viable claim. The validity of hypothetical municipal action cannot be assessed by the Court and the Plaintiffs' claims against St. Lawrence County are wholly speculative and unripe.

### D. Abstention

Additionally, St. Lawrence County intends to move to dismiss the Amended Complaint under the doctrine of abstention. It contends that this Court should decline to exercise jurisdiction because the interpretation or validity of the Defendant counties' executive orders—to the extent they have been issued—should be left to the courts of New York State.

### E. Improper Service of Process

St. Lawrence County may further move to dismiss for improper service under Rule 12(b)(4).

We look forward to conferencing this matter with the Court and opposing counsel. Thank you for your consideration.

Respectfully submitted,

HANCOCK ESTABROOK, LLP

*s/ James P. Youngs*

James P. Youngs