

WRITER'S ADDRESS:
420 Lexington Avenue
Suite 2104
New York, NY 10170
D 212-818-0590
F 212-434-0105

**Joseph Dimitrov**
Email: Dimitrov@LitchfieldCavo.com

June 15, 2023

**VIA ECF**
Hon. Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, New York 10604

        Re:        Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.
                   Docket No.: 7:23-cv-04215

Dear Judge Román:

      This office is counsel to defendant County of Saratoga, New York ("Saratoga County"), in the above-referenced civil action. Pursuant to Your Honor's Individual Rules (3)(a)(ii), *et seq*, please allow this correspondence to serve as Saratoga County's request for a pre-motion conference in regard to their proposed motion to dismiss the underlying complaint pursuant to FRCP Rule 12(b)(1) and (6).

      Plaintiffs, Palisades Estates EOM, LLC, Newburgh EOM LLC d/b/a Crossroads Hotel, Ratan Newburgh LLC d/b/a Ramada by Wyndham, South Road Hospitality, LLC, Hudson Conference Center, LLC, Route 9 Hotel LLC, Sai Ram Management LLC, Sandip Patel (collectively, the "Hotel Plaintiffs"), and Rapid Reliable Testing NY LLC ("RRT") (collectively with the Hotel Plaintiffs, "Plaintiffs"), are private hotel operators, a service provider, and an individual, who are commencing an action pertaining to the housing of migrant refugees. Plaintiffs' action improperly addresses various Executive Orders issued and decreed by the multitude of municipalities and governmental officials of Defendant counties throughout the State of New York, as a single catch-all claim. However, not all defendants are in the same shoes and Saratoga County's executive order is distinguishable. The action names Saratoga County as an answering defendant in regard to one such executive order which addresses the establishment of shelters and other forms of short-term housing for any individual entering into Saratoga County, including those alleged asylum seekers and/or migrants. A review of the Amended Complaint contains formulaic generalized allegations against the municipal defendants, and essentially lumps all Executive Orders under one precipice, despite the varying language contained in each, respectively. Moreover, by Plaintiffs own admissions contained in their Amended Complaint, none of the Plaintiffs herein reside or conduct any business within Saratoga County. As further outlined herein, Saratoga County intends to move to dismiss the Amended Complaint on the grounds known to it as of the date of this correspondence.

      A.  **Standing**

      Saratoga County initially intends to move to dismiss the Amended Complaint for lack of standing or for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). To establish constitutional standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct

Atlanta | Boston area | Chicago | Dallas-Fort Worth | Fort Lauderdale | Hartford area | Houston | Indiana
Las Vegas | Los Angeles area | Louisiana | Milwaukee | New Jersey | New York | Philadelphia | Phoenix
Pittsburgh | Providence | Salt Lake City | St. Louis | Tampa | West Virginia

www.LitchfieldCavo.com

**LITCHFIELD CAVO LLP**
Attorneys at Law

June 15, 2023
Page 2

of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 736 (2d Cir. 2017). To establish an injury in fact, the plaintiff must have suffered "an invasion of a legally protected interest which is (a) concrete and particularized … and (b) actual or imminent, not conjectural or hypothetical." *Parker Madison Partners v. Airbnb, Inc.*, 283 F.Supp.3d 174, 180 (S.D.N.Y. 2017) (citations omitted). Here, the Amended Complaint is facially devoid of any factual allegations sufficient to establish standing, particularly in consideration that none of the Plaintiffs reside in Saratoga County, and have not alleged any injury that is "fairly traceable" to the conduct or Executive Order of Saratoga County.

### B. Ripeness

In addition to those arguments regarding standing, Plaintiffs have suffered no injury as a result of the Saratoga County Executive Order, and, as such, their claims are not yet ripe. This Court "cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Marvel Worldwide, Inc. v. Kirby*, 756 F.Supp.2d 461, 468 (S.D.N.Y. 2010) (citations omitted). Plaintiffs have failed to allege any specific action they themselves have taken in Saratoga County, or any perceptible connection to Saratoga County generally, that would indicate the claims against the County are ripe for review.

### C. Abstention

As this Court may be aware, there is at least one state court action that was commenced by the City of New York, on June 8, 2023, and pending in which the validity of the Saratoga County Executive Order is being challenged and adjudicated, *City of New York, et al. v. County of Rockland, et al.* (Sup. Ct. NY Co., Index No. 451368/2023). Accordingly, this Court should abstain from exercising its jurisdiction under one or more abstention doctrines. *See Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976); *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

### D. Failure to State a Claim

Saratoga County further intends to move under Rule 12(b)(6) on grounds that each and every cause of action contained in Plaintiff's Amended Complaint fails to state a plausible claim upon which relief can be granted as against Saratoga County.

The sum and substance of Plaintiffs' claims as against Saratoga County is that the Executive Order upon which this action is partially based ought to be declared unconstitutional under, *inter alia*, the Supremacy Clause, Contract Clause, Takings Clause and Due Process Clause of the United States Constitution. Saratoga County will establish that there is no plausible claim asserted by Plaintiffs that Saratoga County's executive order violated the United States Constitution, other than by mere formulaic recitation. Saratoga County's Executive Order both, "(1) serves a demonstrated legitimate public purpose, such as remedying a general social or economic problem; and (2) the means chosen to accomplish the public purpose is reasonable and necessary" rendering same constitutional. *See Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 362, 368 (2d Cir. 2006). Further, among other deficiencies, the Amended Complaint is



June 15, 2023
Page 3

devoid of any factual allegations as to how Plaintiffs were allegedly treated differently compared with others similarly situated. *Panzella v. City of Newburgh*, 231 F.Supp.3d 1, 7 (S.D.N.Y.) (internal citations omitted). As each and every cause of action alleged by Plaintiffs fails to state a plausible claim against Saratoga County, we intend to alternatively move pursuant to Rule 12(b)(6) to dismiss the Amended Complaint only as to Saratoga County.

Accordingly, it is respectfully submitted that this Court schedule a pre-motion conference to discuss the merits of the instant application and to set a briefing schedule in regard to same.

We appreciate the Court's attention to this matter.

                                                Respectfully Submitted,

                                                *Joseph Dimitrov*
                                                Joseph Dimitrov (JD 5546)

                                                Sean (Hyun-Baek) Chung (HC1063)

cc:      All Counsel (via CEF)