**State of New York**
**County of Broome Government Offices**

Broome County Attorney's Office
Jason T. Garnar, County Executive · Robert G. Behnke, County Attorney

June 16, 2023

Hon. Nelson S. Román
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   Palisades Estates EOM, LLC, et al v
      County of Broome, et al
      Civil Action NO. 7:23-cv-4215

Dear Judge Román:

I represent the County of Broome in this proceeding and write to request a pre motion conference pursuant to Rule 3 (A) of the Court's individual practices. Broome County intends to move to dismiss the Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).

This action was commenced by Plaintiffs who have no connection to Broome County. They are hotel operators who do not allege they operate in Broome County, an individual who resides in New Jersey and does not allege any activities within Broome County and a service provider who also does not allege any activities in Broome County. Broome County is a municipal corporation located in the Southern Tier of New York State and within the Northern District of New York. Broome County has had no interaction with the Plaintiffs and to our knowledge, the Plaintiffs do not conduct business within Broome County.

As has been addressed by other County Defendants in their letters this action challenges executive orders issued by Counties issued by the named defendants. These executive orders address the establishment of shelters for migrants and asylum seekers within those Counties. Broome County's executive order does not impact the Plaintiffs.

Broome County intends to move pursuant to FRCP 12(b)(1) and 12(b)(6) to dismiss the Complaint. This motion would be similar to those intended to be filed by other upstate Counties. Broome County would have similar arguments to the other Counties that the Complaint does not state a cause of action against it and the Plaintiff's lack standing to challenge the Broome County Executive order because it does not impact them.

Similar to the other upstate Counties in the Northern or Western District of New York, the Complaint only specifically mentions Broome County in one paragraph. The Complaint only mentions Broome County in paragraph 75 of the Complaint. The remaining allegations address

generalized allegations or allegations against municipalities within the Southern District. There is no allegation in the complaint that any of the Plaintiffs conduct a business or reside within Broome County. There is also no allegation that any of the Plaintiffs have been affected by the Broome County Executive Order. Given the lack of allegations against Broome County, we believe the Complaint should be dismissed against. Broome County.

In addition, Broome County would allege that the Plaintiffs lack standing to commence this action against Broome County. On the face of the Complaint and based on our knowledge, none of the Plaintiffs live or conduct a business in Broome County. They have suffered no injury due to the adoption of the Broome County Executive Order. The Plaintiffs are required to allege sufficient facts to support a claim that they suffered an injury in fact. There is no allegation that the Broome County Executive Order has injured the Plaintiffs. As previously pointed out, there is no allegation in the Complaint that the Plaintiffs have suffered any past injury or will suffer a future injury due to Broome County's Executive Order. Due to this failure, the Plaintiffs have not established that they have standing under Article III of the Constitution. <u>Landau v Chase Manhattan Bank, NA</u> 367 F Supp 992 (SDNY 1973)

As with the claims against other Counties in upstate New York, this case should be dismissed because it is not ripe. A case is unripe where it presents abstract disagreements on matters that are premature for review because the injury is merely speculative and may never occur. <u>Powers v Long Island Power Authority</u> 2022 WL 3147780 (2nd Cir 2022) To the extent the Plaintiffs allege an injury it is merely speculative and may never occur. Since there is no allegation that the Plaintiffs currently operate a business or reside in Broome County, it is pure speculation that they will be injured by Broome County's Executive Order in the future. Broome County does not have authority under its Executive Order to effect people or businesses outside of Broome County. While this point is further support for the argument that the Plaintiffs have failed to suffer an injury in fact, it also supports the argument that the future impact of Broome County's Executive Order on the Plaintiffs is purely speculative and may never occur.

Very Truly Yours,

ROBERT G. BEHNKE
County Attorney

RGB/ams

cc:   All counsel