# COLUCCI & GALLAHER, P.C.

Direct Dial:         (716) 853-6509
Email:               pjoyce@cgbuffalo.com

June 16, 2023

**Via ECF**

Hon. Nelson S. Román
United States District Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Palisades Estates EOM, LLC, et al. v. County of Allegany, et al.*
             Civil Action No.: 7:23-cv-04215

Dear Judge Román:

     This office represents the County of Allegany in the above referenced matter. Pursuant to Rule 3(A) of this Court's Individual Practices, we respectfully request a pre-motion conference in anticipation of filing a motion to dismiss on behalf of our client.

     The Amended Complaint in this case alleges seven causes of action. All of these causes of action claim that the Defendants' Executive Orders, regulating the establishment of shelters for asylum seekers and migrants, violate Plaintiffs' rights under the Constitution and New York State Law. However, the County of Allegany ("Allegany") has not issued an Executive Order regulating asylum seekers or migrants. Further, upon information and belief, none of the Plaintiffs reside or do business within the County of Allegany.

     Allegany intends to move to dismiss Plaintiff's Amended Complaint against them based on, failure to state a claim upon which relief can be granted; lack of standing; and ripeness issues.

### A. Failure to State a Claim / Lack of Standing

     At the time of this letter, Allegany has only issued an Executive Declaration regarding the migrant and asylum matter. Allegany has not issued any Executive Orders. Federal courts are constitutionally barred from exercising jurisdiction over complaints that fail to satisfy the "case or controversy" requirement of Art. III. *See* Fed. R. Civ. P. 12(b)(2), (3); *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Furthermore, a complaint should be dismissed as facially invalid when a plaintiff lacks Art. III standing. *See* Fed. R. Civ. P. 12 (b) (1); *Nicholas v. Trump*, 433 F. Supp. 3d 581, 587 (S.D.N.Y. 2020). In order to satisfy the first prong of standing — that the plaintiff has suffered an 'injury in fact' — the plaintiff 'must show that he or she suffered an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Nicholas*, 433 F. Supp. 3d at 587 (*citing*

# COLUCCI & GALLAHER, P.C.

Hon. Nelson S. Román, U.S.D.J.
June 16, 2023
Page 2

*Spokeo, Inc. v. Robins*, 578 U.S. 330, (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiffs do not mention Allegany in the Amended Complaint other than naming them as a party; Plaintiffs do not even allege that they do business in or have even been in Allegany County. Therefore, Plaintiffs' causes of action against Allegany rely on a hypothetical belief that some unspecified future enforcement of the Executive Declaration will violate the United States Constitution and New York law. In addition, nowhere in the complaint does it state that any action taken by Allegany violated any of Plaintiffs' constitutional rights. Such an allegation could not be made, because Allegany has yet to act on the declaration or issue an Executive Order. All of the causes of action specifically reference Executive Orders.

**B. Ripeness**

None of the Plaintiffs are headquartered or operating within the territorial jurisdiction of Allegany County. The Plaintiff closest to Allegany is almost three hundred miles away from Allegany' county seat in Belmont, New York. Allegany does not have jurisdiction to even hypothetically injure the Plaintiffs with future enforcement measures, let alone have already caused an actual or imminent concrete and particularized injury. Even if Plaintiffs can somehow demonstrate imminent harm, Allegany's Emergency Declaration terminates by law on June 18th, 2023, likely invalidating the claims before this Court can decide this motion.

Plaintiffs' complaint is no more than a generalized grievance over the decision of a county's duly elected Board of Legislators; a county in which none of the plaintiffs live, work, or own businesses. Generalized grievances are inappropriate subject matter for federal courts, particularly when the defendant doesn't have jurisdictional control over the plaintiffs' businesses. Even if Plaintiffs could save their unripe political questions, the claims will soon be moot. *Lujan*, 504 U.S. at 575 (1992).

For these reasons, we feel this matter is a candidate for a motion to dismiss. We look forward to discussing these issues with opposing counsel under the supervision of this Court.

Very truly yours,

Paul G. Joyce
for COLUCCI & GALLAHER, P.C.