## MACVEAN, LEWIS, SHERWIN & MCDERMOTT, P. C.

ATTORNEYS AT LAW

34 GROVE STREET   P.O. BOX 310
MIDDLETOWN, NEW YORK 10940
(845) 343-3000
(845) 856 5178
FAX (845) 343 3866

JEFFREY D. SHERWIN
THOMAS P. CLARKE
KEVIN F. PRESTON

OF COUNSEL
HON. ROBERT A. ONOFRY
NYS SUPREME COURT JUSTICE
(RET.)

NICHOLAS J. BERWICK

PAUL T. MCDERMOTT (RET.)
KENNETH A. MACVEAN
(1926 1999)
KERMIT W. LEWIS
(1923-2002)
LOUIS H. SHERWIN
(1917-2013)
V. FRANK CLINE
(1919-1997)

REFER TO: J56,015

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/2023
```

**MEMO ENDORSED**

June 23, 2023

**VIA ECF**
Honorable Nelson S. Román
United States District Judge
Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    Case No. 7:23-cv-4215 (NSR)
              <u>Palisades Estates EOM, LLC et al. v. County of Rockland, et al.</u>

Dear Judge Román:

      Our firm represents the defendants Town of Newburgh, New York and Gilbert J. Piaquadio, in his capacity as Town Supervisor of the Town of Newburgh, New York (referred to herein collectively as the "Newburgh Defendants") in the above referenced action. The Newburgh defendants were served with the Summons and Complaint on May 25, 2023 and their answers or motions in lieu of answers are due July 17, 2023 pursuant to a Stipulation Extending Defendants' Time to Appear, Move or Answer the Amended Complaint, which was granted by the Court on June 16, 2023 (ECF Doc. No. 175).

      We write pursuant to Rule 3(A)(i) of the Court's Individual Practices in Civil Cases to request an informal conference in advance of the Newburgh Defendants' proposed motion to dismiss the complaint, or alternatively a briefing schedule for the proposed motion. It is our understanding that this request will stay the current July 17, 2023 deadline to move or answer pursuant to Rule 3(A)(ii).

### Basis for Dismissal

      The Newburgh Defendants' proposed motion will seek dismissal of the Complaint primarily under FRCP 12(b)(6) for failure to state a plausible claim for relief. In the Amended Complaint, the plaintiffs seek relief in the form of declaratory judgments declaring various executive orders issued by counties and municipalities throughout the State of New York unconstitutional. Specifically, and most germane to the Newburgh Defendants, plaintiffs seek such a declaration regarding the May 9,

2023 Executive Order issued by Orange County Executive Steven Neuhaus ("Executive Order"). Plaintiffs allege that the Newburgh Defendants' lawsuit relies upon the Executive Order and seeks to limit and prevent the transportation and housing of asylum seekers within the Town of Newburgh.

Other than being situated in the County of Orange, the Newburgh Defendants have no connection whatsoever to this Executive Order. The Newburgh Defendants have not supported, joined, adopted, or sought to enforce the Executive Order, nor have the Newburgh Defendants sought any of the relief sought by the Executive Order. The Newburgh Defendants' Complaint specifically seeks relief through its own local Town Codes, namely Town of Newburgh Municipal Code §185-3, Town of Newburgh Building Construction Code §71-8, Town of Newburgh Municipal Code §185-7, Town of Newburgh Municipal Code §185-3, and Town of Newburgh Municipal Code §185-50. Additionally, the Newburgh Defendants are on record in oral argument in the Supreme Court on May 16, 2023 stating that the asylum seekers are welcome to seek housing in the Town of Newburgh and the plaintiffs can provide such housing, provided the housing facilities are in compliance with all local Town Codes and Certificates of Occupancy.

It is abundantly clear that the Newburgh Defendants' causes of action and the relief sought therein is wholly separate from the Executive Order and there is no nexus between the Executive Order and the Newburgh Defendants. Therefore, the relief sought by the plaintiffs has no bearing or effect on the Newburgh Defendants.

For similar reasons, the Newburgh Defendants' proposed motion will also seek dismissal under FRCP 12(b)(1) for lack of subject matter jurisdiction. It is well settled that "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Here, it is clear that plaintiffs maintain that subject matter jurisdiction exists on the basis of a federal question. However, with regard to the Newburgh Defendants, no such federal question exists. Plaintiffs allege that the Newburgh Defendants' lawsuit invokes issues arising under the Constitution, and again, rely upon the Executive Order. Based on a plain reading of the Newburgh Defendants' well-pleaded Complaint, it is obvious that no constitutional issues arise as the Complaint relies solely on the Newburgh Defendants' own local codes and does not adopt or rely upon the Executive Order. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Bindit Corp. v. Inflight Advert., Inc., 285 A.D.2d 309, (2d Dep't 2001).

The Newburgh Defendants' Complaint seeking to enforce its own local Town Codes raises only State issues which do not infringe upon any substantive due process rights and do not raise any federal issues. Arizona Hudson Valley LLC v. Allen, 2023 WL3936640 (NDNY 2023); United States v. Town of Windsor, Conn., 496 F. Supp. 581, 592 (D. Conn. 1980). Of substantial importance, in response to

plaintiffs' second request on June 15, 2023 to reassign the Newburgh Defendants' lawsuit from Judge Seibel to your Honor, this Court declared and So Ordered that ". . . on the face of the *Newburgh* and *Poughkeepsie* complaints, those cases concern different local municipal codes, and do not affirmatively raise federal claims . . . ." In light of the above, it is respectfully submitted that this Court does not have subject matter jurisdiction over the Newburgh Defendants, and the Newburgh Defendants' proposed motion will seek dismissal on these grounds.

Additionally, the Newburgh Defendants will move to dismiss the Complaint as moot. Despite the fact that the Newburgh Defendants have not adopted or relied upon the Executive Order, the Newburgh Defendants will argue that the Executive Order has expired by its own terms. The Executive Order was issued on May 6, 2023. Pursuant to Section 24 of New York's Executive Law, the Executive Order is effective for a maximum of thirty (30) days. Therefore, the Executive Order expired as of June 5, 2023. Article III of the Constitution provides that the federal courts may only preside over actual live cases or controversies and the federal courts do not have the power to decide questions that do not affect the rights of the litigants in those cases. Lewis v. Continental Bank Corp., 494 U.S. 472 (1990). Additionally, even if the controversy was live at the time of filing, the controversy must remain live throughout the litigation. Id.; 36 Apt. Assocs., LLC v. Cuomo, 860 F.App'x 215 (2d Cir. 2021). Here, because the Executive Order expired by its own terms and is no longer in effect, this case is moot and the Complaint should be dismissed.

For the foregoing reasons, we respectfully request a pre-motion conference or, in the alternative, a briefing schedule for the Newburgh Defendants' proposed motion to dismiss.

Thank you.

Respectfully yours,

*Jeffrey D. Sherwin*

JEFFREY D. SHERWIN

JDS/NJB
cc: All Counsel via ECF
Todd Soloway, Esq., Attorney for Plaintiffs
By Email: tsoloway@pryorcashman.com and via ECF

In accordance with the Court's memorandum endorsement issued on June 20, 2023 (ECF No. 185) Plaintiff is directed to respond to the Newburgh Defendants' letter on or before July 20, 2023.

Dated: June 23, 2023
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE