

**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806              pryorcashman.com

**Perry M. Amsellem**
Partner
Direct Tel: 212-326-0119
Direct Fax: 212-798-6315
PAmsellem@PRYORCASHMAN.com

August 28, 2023

**VIA ECF**
Hon. Nelson S. Román
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *Palisades Estates EOM, LLC et al. v. County of Rockland, New York et al.*,
               **Index No. 7:23-cv-04215-NSR**
               <u>**Requests for Pre-Motion Conference -- Motions to Sever and Transfer**</u>

Dear Judge Román:

We are attorneys for Plaintiffs and hereby respond to letters filed by Defendants Onondaga County (ECF Doc. 229), County of Oneida (ECF Docs. 252, 287), Town of Salina (ECF Doc. 254), the Counties of Rensselaer, Herkimer, Genesee, Orleans, Greene, Chautauqua, Fulton, Oswego, Otsego, Schoharie, Tioga, and Wyoming (ECF Doc. 280), Niagara County (ECF Doc. 285), Town of Salina (ECF Doc. 286), and County of Broome (ECF Doc. 289) (collectively, "Movants"), each seeking leave to file a motion to sever and change venue.[1]

Movants are engaged in judge-shopping, seeking to avoid this Court as a result of its decision in *Deide v. Day*, No. 23-CV-3954 (NSR), 2023 WL 3842694 (S.D.N.Y. June 6, 2023). Notably, each Movant has issued, or is attempting to enforce through the application of local laws, an executive order that is virtually <u>identical</u> to the executive order issued by Rockland County. "Judge-shopping" is no basis for severance or transfer, discretionary relief that is not warranted.

      **I.**    <u>**Severance**</u>

"The decision of whether to sever a claim is left to the discretion of the trial court. However, federal courts view severance as a procedural device to be employed only in exceptional circumstances." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citations and quotation marks omitted). No exceptional circumstances exist here.

Plaintiffs commenced this action asserting a thinly veiled scheme to prevent hotels in each county/municipality from providing accommodations to Asylum Refugees. Given Defendants' coordinated efforts, the virtual identical executive orders at issue, and the similar efforts to implement those orders by enforcing local laws, a single action is proper and efficient, insuring

---

[1] Plaintiffs submit this consolidated response to the separate letters submitted by Movants and respectfully request the Court accept this 3½ page consolidated response.



Hon. Nelson S. Román
August 28, 2023
Page 2

consistent results across the state. Indeed, federal courts should "entertain the broadest possible scope of an action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Kehr*, 596 F. Supp. 2d at 828 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)) (denying motions to sever and transfer venue from SDNY to NDNY, even though "some of the witnesses and physical evidence … may be found in Oswego County," noting the "overriding" consideration is "the expeditious management of court business").

        1.        **Same Transactions and Occurrences**

"In determining whether allegations are part of the same 'transaction or occurrence,' or the same series of transactions or occurrences, courts generally look to the logical relationship between the claims and determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Gokdogan v. Slap Shot Pizza Enterprises Ltd.*, No. 20CV5201MKBST, 2021 WL 4441417, at *12 (E.D.N.Y. Sept. 27, 2021) (denying motion to sever where complaint alleged that defendants acted jointly in maintaining policy of discrimination on basis of national origin and religious identity) (quotation marks omitted); *see also Navar v. Walsh Constr. Co. II, LLC*, No. 18-cv-10476, 2019 WL 7599890, at *1 (S.D.N.Y. Aug. 13, 2019) (denying severance where complaint alleged defendants "acting as a joint venture, maintained discriminatory policies, practices, and procedures" and noting that, "[e]ven where there are factual differences in … claims … courts will deny severance where [it is alleged] … defendant[s'] wrongdoing occurred as part of a policy or practice."). Notably, "allegations are sufficient to show that [claims against different defendants] arise out of the same series of transactions or occurrences … [where] they suggest that Defendants had the same *modus operandi* of discriminating against Plaintiffs." *Gokdogan*, 2021 WL 4441417, at *13.

Here, Plaintiffs allege Defendants uniformly responded to agreements to transport and temporarily accommodate Asylum Refugees by undertaking discriminatory, exclusionary measures in violation of the same Constitutional provisions and federal statutes. Plaintiffs further allege that Defendants "conspired and cooperated by and amongst themselves to achieve the unconstitutional scheme and injuries complained of." Second Amended Complaint, ECF No. 200 ("SAC") at ¶ 27; *see also* SAC at ¶ 16, 44, 154, 171, 198. Indeed, every Movant county issued an executive order <u>virtually identical</u> to the original Rockland County Executive Order, which this Court found likely unconstitutional. *See Deide*, 2023 WL 3842694. And the only Movant town, the Town of Salina, has taken measures to enforce the Onondaga County Executive Order, which copies <u>word-for-word</u> the substantive provisions of the original Rockland County Executive Order. Plaintiffs claim these virtually identical Executive Orders – and the actions taken to effectuate the unconstitutional scheme articulated therein – violate Plaintiffs' rights and the rights of Asylum Refugees. Accordingly, the claims against <u>all</u> Defendants "are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Gokdogan*, 2021 WL 4441417, at *12, 13 (noting allegation that "Defendants had the same *modus operandi* of discriminating against Plaintiffs"). Indeed, here, Plaintiffs allege that



Hon. Nelson S. Román
August 28, 2023
Page 3

Defendants' actions are part of the same "transaction, occurrence, or series of transactions or occurrences."

### 2. Common Questions of Law and Fact

Moreover, this case presents many common questions of law and/or fact. It is not necessary that all questions of law and fact be common; it is sufficient "if there is any question of law or fact common to all." *Green v. Beer*, No. 06 CIV. 4156 KMW/JCF, 2009 WL 3401256, at *6 (S.D.N.Y. Oct. 22, 2009) (emphasis added).

Plaintiffs challenge the validity of the virtually identical Executive Orders issued, relied upon, and/or implemented by Movants. Such challenges include Constitutional challenges (Contract Clause, Equal Protection Clause, Due Process Clause, Fifth Amendment, and Supremacy Clause), as well as challenges under federal civil rights laws (Civil Rights Act of 1866, the Civil Rights Act of 1964, and 42 U.S.C. § 1983). Common questions abound.

### II. Transfer of Venue

A party seeking transfer pursuant to 28 U.S.C. § 1404 "bears the heavy burden of showing that a plaintiff's choice of forum should be set aside." *Johnson v. Bryson*, 851 F. Supp. 2d 688, 706 (S.D.N.Y. 2012). "[A] plaintiff's choice of forum should not be disturbed unless a defendant has made a clear and convincing showing that the balance of convenience weighs heavily in favor of the defendant." *Id.*; *see also Royal & Sunalliance v. British Airways*, 167 F.Supp.2d 573, 577 (S.D.N.Y.2001) (citing *Warrick v. General Elec. Co.*, 70 F.3d 736, 741 (2d Cir.1995)).

In determining whether transfer is appropriate, courts evaluate numerous non-exhaustive factors: 1) plaintiff's choice of forum, "presumptively entitled to substantial deference;" 2) convenience of witnesses; 3) location of relevant documents and relative ease of access to sources of proof; 4) relative convenience of the parties; 5) locus of operative facts looking to the site of events from which the claim arises; 6) availability of process to compel attendance of witnesses; 7) whether any party's financial situation would meaningfully impede its ability to litigate the case in either forum; 8) familiarity of the forum with the governing law; and 9) efficiency and the interests of justice. *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 215 (S.D.N.Y. 2013) (finding transfer was not proper based on "the respective convenience of the forum to each party, each party's relative means, and the Plaintiff's choice of forum").

Here, Movants lodge general complaints regarding their commute from various upstate counties. However, the cases on which Movants rely – cited for general propositions of law – do not support transfer in this case. *See, e.g.*, *Albright v. Terraform Labs, Pte. Ltd.*, No. 22-CV-07281 (JSR), 2022 WL 16985806 (S.D.N.Y. Nov. 15, 2022) (transfer denied); *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6 (E.D.N.Y. 2014) (same); *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342 (E.D.N.Y. 2012) (same). Nor does the relative inconvenience of producing



Hon. Nelson S. Román
August 28, 2023
Page 4

witnesses and/or evidence in the SDNY, given the parties' respective means. *See United States v. Rare Breed Triggers, LLC*, No. 23CV369NRMRML, 2023 WL 2984391 at *10 (E.D.N.Y. Apr. 18, 2023) ("RBT") (witnesses had resources to travel cross-country); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) (affirming denial where parties living in NY and NJ). Here, Movants make no compelling showing of inconvenience. Indeed, in the digital age (where almost all documents and communications are electronic), courts give little credence to arguments based on location of evidence. *See RBT* at *10.

Judicial economy demands one action in one court. Transfer risks inconsistent rulings and needlessly taxes judicial resources through parallel cases. Transfer is further disfavored where it is not immediately sought – and this case has been pending for over three months. *See RBT* at *12. Movants should not be allowed to change forum now that Plaintiffs have sought a preliminary injunction similar to that issued by this Court in *Deide*.

For the foregoing reasons, the Court should deny the Defendants' request for a pre-motion conference.

Very truly yours,

*/s/ Perry M. Amsellem*
Perry M. Amsellem

cc:     All Counsel (by ECF)