USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/21/2023___

**MEMORANDUM ENDORSEMENT**

Palisades Estates EOM, LLC et al v. County of Rockland, New York et al, 23-cv-4215 (NSR)

    The Court is in receipt of the attached letter from Defendants (ECF No. 298), dated September 14, 2023, asking the Court to (1) amend the briefing schedule for Defendants' motion to sever and transfer and (2) stay the briefing schedules for Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss. The Court is also in receipt of the attached letter from Plaintiffs (ECF No. 299), dated September 15, 2023, opposing Defendants' request.

    Upon review of the parties' letters and applicable caselaw, and in the interest of judicial economy, the Court deems it necessary to rearrange the briefing schedules for Defendants' motion to sever and transfer, Plaintiffs' motion for preliminary injunction, and Defendants' motion to dismiss such that each motion is fully submitted on the same date. As such, the Court GRANTS in part and DENIES in part Defendants' request.

    In view of the foregoing, the parties are directed to meet and confer and jointly propose a briefing schedule for the three aforementioned motions that results in all three motions being fully submitted on the same date. The parties are directed to do so no later than September 28, 2023. Pending the Court's issuance of a revised briefing schedule for all three motions, the Court temporarily stays the deadlines previously issued by the Court, *see, e.g.,* ECF No. 295.

    The Clerk of Court is respectfully directed to terminate the motion at ECF No. 298.

DATED: September 21, 2023

White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



September 14, 2023

**Via PACER**

Hon. Nelson S. Román, U.S.D.J.
Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

      **Re:**    Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.
              Civil Case No.: 7:23-cv-04215
              KSLN File No.: TRI 45359

<span style="float:right">
**SYRACUSE**
4615 North Street
Jamesville, NY 13078
p 315.492.3000
f 716.853.0265

kslnlaw.com
</span>

Your Honor:

On behalf of defendants TOWN OF SALINA ("Town of Salina") and COUNTY OF ONEIDA ("Oneida County"), and joined by several other defendants,[1] please accept this letter as a request to amend the briefing schedule[2] to allow for the motions to change venue and sever claims to be filed and adjudicated prior to the filing and adjudication of the motions for preliminary injunction and to dismiss.[3]

As Your Honor (and the parties) are aware, in response to several letter requests from various defendants to file motions to dismiss, to change venue and sever, and following the plaintiffs' filing of a motion for preliminary injunction, an order was issued that set a briefing schedule for the three motions.[4] Per the order,[5] the current briefing schedule is as follows:

- **Plaintiffs' motion for preliminary injunction.**

    - Plaintiffs' motion papers have been filed (on August 10, 2023);[6]
    - Defendants' opposition to be filed by September 22, 2023;
    - Plaintiffs' reply papers to be filed by October 6, 2023.

- **Various defendants' motions to sever and change venue.**

    - Defendants' moving papers to be served (not filed) by October 23, 2023;
    - Plaintiffs' opposition papers to be served (not filed) by December 22, 2023;
    - Defendants' reply papers to be served by January 12, 2024.
    - All papers to be filed to PACER on January 12, 2024.

---

[1] Joining defendants include, but are not necessarily limited to: NIAGARA COUNTY; ONONDAGA COUNTY; ROCKLAND COUNTY; ORANGE COUNTY; DUTCHESS COUNTY; COUNTY OF MADISON; COUNTY OF SARATOGA; TOWN OF POUGHKEEPSIE; TOWN OF ORANGETOWN, and; TOWN OF COLONIE. Said defendants are either requesting the same relief or otherwise agree that venue objections should be addressed as a threshold matter.
[2] Dkt. No. 295.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] Dkt. Nos. 239-247.

Re: Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.
Civil Case No.: 7:23-cv-04215
KSLN File Nos. COO 45022; TRI 45359
Letter Date: September 14, 2023
Page 2

- **Various defendants' motions to dismiss.**

    - Defendants' moving papers to be served (not filed) by October 23, 2023;
    - Plaintiffs' opposition papers to be served (not filed) by December 22, 2023;
    - Defendants' reply papers to be served by January 12, 2024.
    - All papers to be filed to PACER on January 12, 2024.

Following Your Honor's issuance of the above briefing schedule, several of the defendants' counsels met to discuss the deadlines and how to proceed with filing papers on the motions given the Court's directive of a joint, 75-page submission regarding the opposition to the pending motion for preliminary injunction, and also for the defendants' motion to dismiss (and for some, leave to file supplemental papers). During the meeting, I, along with several other counselors, pondered whether the motion for preliminary injunction should be adjudicated prior to the motions to sever and change venue, as determination of those issues would ultimately effect whether this Court would even have to address the motions for preliminary injunction and to dismiss as it pertains to those defendants.

Given these considerations, the joining defendants request that Your Honor rearrange the briefing schedule to decide the issues of venue and severance prior to addressing the issues of preliminary injunction and to dismiss. Our request is supported by the related state court case, *City of New York, et al, v. County of Rockland, et al.*, Index No. 451368/2023 (N.Y. Cnty. Sup. Ct.), wherein the judge was confronted with similar issues regarding contemporaneously filed motions to change venue and sever, to dismiss, and for preliminary injunction. In that case, the judge first addressed the motions to change venue and sever claims, reasoning that there was no point in addressing the issues of preliminary injunction and to dismiss until the issues of venue and severance were decided. Once those motions (to change venue and sever) were granted, the judge stayed the remaining proceedings (including the pending motions for preliminary injunction and to dismiss) so that they could be adjudicated in the proper venue.

Sister courts in this Circuit have made similar determinations. For example, in *Moog Inc. v. Skyryse, Inc.*, 2022 U.S. Dist. LEXIS 226318 (W.D.N.Y., Dec. 15, 2022), the district court judge rejected the magistrate's RR&O which ruled that defendants who had consented to a briefing schedule for a preliminary injunction motion had waived their personal jurisdiction and venue defenses. In doing so, the district judge relied on the following principle:

> this Court cannot enter injunctive relief—even preliminarily—before addressing challenges to personal jurisdiction and venue. *See Lam Yeen Leng*, 474 F. App'x at 813 (finding that "the district court erred in enjoining [the defendant] without first making any findings as to its jurisdiction over that party"). And that makes sense: "Personal jurisdiction refers to a 'court's power to exercise control over the parties,'" *see Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 151 (E.D.N.Y. 2017) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979)), so a court must ensure that it in fact has that power before it orders the defendants to do or to stop doing something. *See Weitzman*, 897 F.2d at 658-59.[7]

---

[7] *Moog Inc.*, 2022 U.S. Dist. LEXIS 226318 at *18.

Re: Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.
Civil Case No.: 7:23-cv-04215
KSLN File Nos. COO 45022; TRI 45359
Letter Date: September 14, 2023
Page 3

Here, given a similar procedural posture, Your Honor should reach a similar conclusion. As in the *City of New York* case and *Moog*, judicial economy would be served by adjudicating the motions to change venue and sever claims so that, if granted, those prevailing parties can continue on with their claims in the proper venue. Of course, if the motions to change venue and sever are denied, then those parties would simply continue in this case with the non-moving defendants through the filings of briefs in opposition to the plaintiffs' pending motion for preliminary injunction and in support of their own motions to dismiss.

In addition, addressing the motions in this order would further judicial economy because the arguments in opposition to the motion for preliminary injunction essentially encapsulate those that will be made by the moving defendants in support of dismissal (with the exception of an additional preliminary injunction analysis).[8] Thus, it would seem to serve judicial economy (for the bench and bar) to have those motions heard subsequent to the adjudication of the motions to change venue and sever.

Finally, in the interest of expeditious adjudication of these issues (and to diffuse any suggestion of delay or obstruction tactics), the defendants seeking this request are prepared to file their respective motions to change venue and sever in short order. Specifically, the joining defendants propose the following briefing schedule:

- **Various defendants' motions to sever and change venue.**

    - Defendants' moving papers to be served by October 6, 2023;
    - Plaintiffs' opposition papers to be served by October 27, 2023;
    - Defendants' reply papers to be served by November 3, 2023.

- **Plaintiffs' motion for preliminary injunction and various defendants' motions to dismiss.**

    - Stayed pending adjudication of the motions to change venue and sever claims.

Notably, several of the defendants filed their letter requests for permission to file their respective motions to dismiss[9] weeks before plaintiffs sought permission for leave to file a motion for preliminary injunction,[10] and requests for permission to file motions to change venue and sever were made contemporaneous to plaintiffs' request to file a motion for preliminary injunction.[11] Thus, plaintiffs are not unduly prejudiced by this request.

Prior to the filing of this letter, plaintiffs' counsel was contacted regarding this request but has not yet responded.

---

[8] Of course, the defendants reserve their right to make additional arguments in favor of dismissal that might not be made in opposition to a preliminary injunction. However, defendants raise this point to illustrate the relative similarity of arguments presented in both motions and why they should not be heard until after the motions to change venue and sever are adjudicated.

[9] *See e.g.,* Dkt. No. 170 (County of Oneida's letter request for permission to file motion to dismiss).

[10] *See* Dkt. No. 227 (plaintiffs' letter request for permission to file motion for preliminary injunction).

[11] *See e.g.,* Dkt. Nos. 229, 252, 254.

Re: Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.
Civil Case No.: 7:23-cv-04215
KSLN File Nos. COO 45022; TRI 45359
Letter Date: September 14, 2023
Page 4

Should Your Honor require anything further, please do not hesitate to contact me.

Respectfully,

KENNEY SHELTON LIPTAK NOWAK LLP

Daniel K. Cartwright, Esq.
dkcartwright@kslnlaw.com

DKC/

cc (via PACER): all parties



New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569    Tel: 212-421-4100    Fax: 212-326-0806                pryorcashman.com

**Todd E. Soloway**

Direct Tel: 212-326-0252
Direct Fax: 212-798-6328
TSoloway@PRYORCASHMAN.com

September 15, 2023

**VIA ECF**

Hon. Nelson S. Román
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Re:   *Palisades Estates EOM, LLC, et al. v. County of Rockland, New York, et al.*,
>       <u>Case No. 7:23-cv-04215 – Defendants' Request to Amend Briefing Schedule</u>

Dear Judge Román,

We represent Plaintiffs and write in response to the belated and strategic letter dated September 14, 2023 from Defendants Town of Salina and County of Onondaga[1] (ECF No. 298) by which they seek to completely upend the existing briefing schedule set by Your Honor (*see* ECF No. 295). These particular Defendants are seeking to undermine Plaintiffs' motion for an injunction through delay tactics. Specifically, recognizing the seriousness of the injunction motion, these Defendants now seek to avoid briefing and adjudication of Plaintiffs' motion for a preliminary injunction (their papers are due in one week) and Defendants' motion to dismiss, pending the outcome of Defendants' motions to sever the claims brought against them and change venue (the "September 14 Letter"). Plaintiffs oppose this latest installment in Defendants' ongoing efforts to indefinitely delay judicial intervention.

### I.   <u>Procedural Posture</u>

On <u>August 10, 2023</u>, in large part based upon ongoing efforts of certain municipalities and counties to intimidate and harass hotel owners who house migrants seeking asylum in the United States ("Asylum Refugees"), Plaintiffs filed a motion for a preliminary injunction (*see* ECF Nos. 239–247) seeking to enjoin certain Defendants from taking any actions (1) pursuant to, or in an effort to otherwise implement, directly or indirectly, the Executive Orders issued by certain Counties with respect to the transportation and accommodation of Asylum Refugees; (2) to prevent Plaintiffs, or any of them, from transporting or making public accommodations available to Asylum Refugees; or (3) to intimidate, harass, punish, or otherwise retaliate against Plaintiffs, or any of them, for agreeing to transport or make accommodations available to Asylum Refugees.

---

[1] The letter indicates that "[j]oining defendants include, but are not necessarily limited to" the Counties of Niagara, Onondaga, Rockland, Orange, and Dutchess, and the Towns of Poughkeepsie, Orangetown, and Colonie.



Hon. Nelson S. Román
September 15, 2023
Page 2

Notably, Plaintiffs explained that they currently face imminent and irreparable harm on account of:

> (a) government annihilation of their agreements to provide accommodations to Asylum Refugees; (b) depravation of civil rights (those enjoyed by Plaintiffs and Asylum Refugees); (c) government-sanction discrimination against Asylum Refugees; (d) intimidation and harassment in the form of warrantless searches of their premises, police brigades around their Hotels, and demands for proprietary business records; and (e) inconsistent statutory regimes.

(ECF No. 240, at 66.) To facilitate relief, Plaintiffs' Notice of Motion proposed a briefing schedule pursuant to which the motion would have been fully submitted for adjudication by September 5, 2023. (ECF No. 239, at 2.)

On August 16 and 17, 2023, several Defendants[2] requested a one-month extension of their time to respond to Plaintiffs' motion for a preliminary injunction. Plaintiffs opposed that request in a letter dated August 17, 2023 (ECF No. 266), arguing that "Defendants should not be afforded an extension of time while they lay siege to the hotels and continue their discriminatory tactics – particularly after this Court found the Executive Orders in both Rockland and Orange Counties likely to be unconstitutional and in violation of basic civil rights." (ECF No. 266, at 2.) As explained in Plaintiffs' letter, Plaintiffs offered to Mr. Phillips – counsel for Town of Orangetown and Town Supervisor Teresa M. Kenny, the only opposing counsel to contact Plaintiffs about Defendants' extension request – that they would consider consenting to the requested extension if Defendants "agreed to refrain from targeting and harassing the hotels during the pendency of the motion," and that Mr. Phillips would not agree to that condition. (*Id.*) Plaintiffs further noted their concern that "the delay sought by Defendants <u>will</u> substantially prejudice Plaintiffs because Defendants hope to slow-roll this federal action while they aggressively push their agendas in state court – thereby prejudicing Plaintiffs with abstention arguments." (*Id.*, at 1 (emphasis in original).) On August 18, 2023, Your Honor granted Defendants' request for an extension, ordering a briefing schedule by which Defendants are to file opposition papers by September 22, 2023, and Plaintiffs are to file reply papers by October 6, 2023. (ECF No. 276.)

Separately, several Defendants[3] also filed letters seeking leave to file a motion to sever the claims brought against them and transfer venue, which Plaintiffs opposed. (ECF No. 290.) On

---

[2] The following Defendants submitted letter requests for an extension of time to respond: Town of Orangetown and Town Supervisor Teresa M. Kenny (ECF No. 256); Town of Newburgh and Gilbert J. Piaquadio (ECF No. 261), Town of Salina (ECF No. 262); County of Orange and County Executive Steven M. Neuhaus, and County of Rockland and County Executive Edwin J. Day (ECF No. 263); and Town of Colonie (ECF No. 265).

[3] The following Defendants submitted letter requests seeking leave to file a motion to sever and change venue: the Counties of Onondaga (ECF No. 229); Oneida (ECF Nos. 252, 287); Rensselaer, Herkimer, Genesee, Orleans, Greene,



Hon. Nelson S. Román
September 15, 2023
Page 3

September 1, 2023, Your Honor ordered a consolidated briefing schedule for Defendants' motions to sever and transfer, pursuant to which Defendants are to serve their moving papers on October 23, 2023, Plaintiffs are to serve their opposition papers on December 22, 2023, and Defendants are to serve their reply papers on January 12, 2024. (ECF No. 295.) In the same order, Your Honor reiterated that Defendants' motion to dismiss is to be briefed on the same schedule. (*id.*; *see also* ECF No. 199.)

Now, <u>one week</u> before Defendants are ordered to submit their opposition to Plaintiffs' motion for a preliminary injunction and <u>one month</u> after Your Honor first ordered the briefing schedule for Plaintiffs' motion for a preliminary injunction, several Defendants request yet another extension of time to respond. Under the briefing schedule proposed in the September 14 Letter, Defendants' opposition to Plaintiffs' motion for a preliminary injunction would not be due until the disposition of Defendants' motions to sever and transfer, which the September 14 Letter proposes should be submitted for adjudication on November 3, 2023 – nearly a month after Plaintiffs' reply papers on the motion for a preliminary injunction are currently due. Accordingly, the September 14 Letter effectively proposes extending Defendants' time to submit their opposition papers to Plaintiffs' motion for a preliminary injunction by <u>at least two months</u> (more likely, much longer), and delaying decision on Plaintiffs' motion for a preliminary injunction until at least the end of the year. These thinly veiled tactics should be rejected.

II. **The Extension Request in the September 14 Letter Would Prejudice Plaintiffs**

The September 14 Letter's request for yet another extension would perpetuate the irreparable harm Plaintiffs continue to face as a product of Defendants' ongoing violation of their and Asylum Refugees' constitutional and civil rights. Courts recognize the urgency inherent in motions for provisional remedies, typically resolving such motions on short timelines to offer the prospect of immediate relief for imminent harm. *See* § 2949 Fed. Prac. & Proc., Wright & Miller (3d ed., April 2023 Update) (recognizing "the urgency that necessitates a prompt determination of the preliminary-injunction application" and noting that "[s]peed is often extremely important in proceedings for restraining orders and temporary injunctions") (quoting *Kennedy for and on Behalf of N.L.R.B. v. Sheet Metal Workers Intern. Ass'n Loc. 108*, 289 F. Supp. 65 (C.D. Cal. 1968)). Here, Defendants seek to deprive Plaintiffs of the injunction to which they are entitled through the artifice of delay tactics. The September 14 Letter is nothing more than a transparent continuation of Defendants' efforts to "slow-roll this federal action while they aggressively push their agendas in state court – thereby prejudicing Plaintiffs with abstention arguments," about which Plaintiffs initially sounded the alarm on August 17, 2023. (ECF No. 266, at 1.) All the while, Defendants

---

Chautauqua, Fulton, Oswego, Otsego, Schoharie, Tioga, and Wyoming (ECF No. 280); Niagara (285) Broome (ECF No. 289); Madison (ECF No. 292); and Saratoga (ECF No. 293); and the Towns of Salina (ECF Nos. 254, 286) and Colonie (ECF No. 297).



Hon. Nelson S. Román
September 15, 2023
Page 4

continue to effectuate their unconstitutional scheme to preclude Plaintiffs from accommodating Asylum Refugees. This posture is highlighted by Mr. Phillips' rejection of Plaintiffs' offer to consider stipulating to Defendants' initial requested extension should Defendants "agree to refrain from targeting and harassing the hotels during the pendency of the motion." (*Id.*)

### III. The Propriety of Jurisdiction is Not at Issue

The September 14 Letter cites a number of cases which support the proposition that a court should resolve questions of jurisdiction before entering injunctive relief. *See, Moog Inc. v. Skyryse, Inc.*, No. 22-CV-187-LJV-JJM, 2022 WL 17720965 (W.D.N.Y. Dec. 15, 2022) (finding parties' stipulation as to briefing schedule for preliminary injunction did not waive arguments regarding the propriety of personal jurisdiction and whether Plaintiff had filed case in improper venue, because "this Court would need such jurisdiction to grant such relief," and ultimately transferring case to the Central District of California); *Lam Yeen Leng v. Pinnacle Performance Ltd.*, 474 Fed. Appx. 810, 813 (2d Cir. 2012) ("[T]he district court erred in enjoining Pinnacle without first making any findings as to its jurisdiction over that party. Where a challenge to personal jurisdiction is interposed on an application for a preliminary injunction, the district court must determine that the party moving for the injunction has established at least a reasonable probability of ultimate success on the question of the court's in personam jurisdiction over the non-moving party." (emphasis added; internal quotation marks omitted)); *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140 (E.D.N.Y. 2017), *aff'd in part, dismissed in part sub nom. Force v. Facebook, Inc.*, 934 F.3d 53 (2d Cir. 2019) (finding Defendant is subject to Court's personal jurisdiction, which "refers to a court's power to exercise control over the parties" (internal quotation marks omitted)); *Weitzman v. Stein*, 897 F.2d 653, 659 (2d Cir. 1990) ("The district court has no power to grant an injunction against a party over whom it has not acquired valid jurisdiction." (cleaned up; internal quotation marks omitted)).

However, the September 14 Letter does not point to a single case where a court declined to decide a motion for preliminary relief when personal jurisdiction was not at issue. Indeed, the law is actually to the contrary: where jurisdiction is not at issue, motions for preliminary relief take precedence over motions for severance and/or transfer. *See, e.g., Coronel v. Decker*, 449 F. Supp. 3d 274, 280 (S.D.N.Y. 2020) ("While severance may be appropriate, the Court will not decide the issue at this early stage of the litigation, on a motion for emergency relief, and without the benefit of full briefing on the issue. Considerations of judicial economy … and the urgent need to timely decide Petitioners' motion for a temporary restraining order … counsel against severance at this juncture."); *Barbecho v. Decker*, No. 20-CV-2821 (AJN), 2020 WL 1876328 (S.D.N.Y. Apr. 15, 2020) (deciding, as a matter of judicial economy and the urgent nature of the temporary relief sought, to "exercise[ the Court's] discretion to defer ruling on the issue of severance and proceed[] to consider Petitioners' motion for a temporary restraining order.").



Hon. Nelson S. Román
September 15, 2023
Page 5

Here, personal jurisdiction is not at issue. Personal jurisdiction is undoubtedly proper in the State of New York, as all Defendants are State counties or municipalities, or the governing officials thereof. Indeed, no Defendant disputes that the Court properly possesses personal jurisdiction, and no Defendant argues that venue is improper in the Southern District of New York. Rather, the Defendants that seek to file motions to sever and transfer argue that venue might be "more proper," for the convenience of the parties and for judicial economy, in another federal district in New York State.[4] Such arguments do not challenge this Court's authority to bind the litigants to its orders. When such authority is uncontested, there is no doctrine dictating courts should delay a duly ordered briefing schedule for a motion seeking relief from imminent and irreparable harm.

\* \* \*

Accordingly, Plaintiffs request Your Honor reject the proposed amended briefing schedule set forth in the September 14 Letter and maintain the briefing schedule ordered by this Court on August 18, 2023.

Respectfully submitted,

Todd E. Soloway

CC: All counsel (via ECF)

---

[4] Plaintiffs vehemently oppose certain Defendants' misguided attempt at judge shopping by seeking to sever and transfer the claims against them. As set forth in Plaintiffs' August 28, 2023 letter opposing certain Defendants' requests for a pre-motion conference (ECF No. 290), severance and transfer are improper, as "Plaintiffs commenced this action asserting a thinly veiled scheme to prevent hotels in each county/municipality from providing accommodations to Asylum Refugees" by virtue of a coordinated conspiracy. *Id.* Further, Defendants' actions are part of the same "transaction, occurrence, or series of transactions or occurrences"; this case presents many common questions of law and/or fact; and any minor inconvenience Defendants' counsel may experience by commuting to the Southern District of New York does not prevail over the interest of judicial economy, which demands one action in one court to avoid inconsistent rulings and the taxation of judicial resources.