| | | |
|---|---|---|
| BRIAN P. CROSBY<br>R. DONALD FINN<br>CHARLES S. DESMOND, II<br>KATHLEEN M. SWEET (NY & MA)<br>C. CHRISTOPHER BRIDGE<br>NORMAN B. VITI, JR.<br>ROBERT G. SCUMACI (NY & NJ)<br>TIMOTHY J. GRABER<br>SALLY J. BROAD<br>MELISSA L. ZITTEL<br>RYAN P. CRAWFORD<br>MICHAEL P. SULLIVAN<br>MELISSA M. MORTON<br>MELINDA L. GRABOWSKI<br>JASON A. GOODMAN<br>AMANDA C. ROSSI<br>KYLE W. DUKMEN<br><br>GEORGE M. GIBSON<br>(1929-2002)<br><br>JAMES S. McASKILL<br>(1929-1995) | <br>**GIBSON, McASKILL & CROSBY, LLP**<br>ATTORNEYS AT LAW<br>69 DELAWARE AVENUE, SUITE 900<br>BUFFALO, NEW YORK  14202-3866<br>TELEPHONE: (716) 856-4200<br>FACSIMILE: (716) 856-4013<br>Service not accepted by fax or e-mail | THEODORE A. JOERG<br>ELISHA D. TEIBEL<br>MARK C. BACHMAN<br>KRISTEN V. LEW<br>NICOLE T. JEFFREY-WILLIAMS<br>ALEXANDER J. DOWNING<br>CHELSEA A. MACDONALD<br>CARLYN G. LISKO<br><br>Special Counsel<br>ROBERT E. SCOTT<br>MICHAEL J. WILLETT<br>JOSEPH W. DUNBAR<br>CRAIG R. WATSON (NY & WA)<br>ROBERT D. BARONE<br>KRISTIN A. TISCI<br>AARON F. GLAZER<br><br>Of Counsel<br>VICTOR ALAN OLIVERI<br>MARK SPITLER<br>CAROL WHITE GIBSON |

October 4, 2023

<u>**VIA CM-ECF**</u>
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> RE:   *Palisades Estates EOM, LLC, et al. v. County of Rockland, New York, et al.*
>          United States District Court, Southern District of New York
>          Case No.:  7:23-cv-04215-NSR

Dear Judge Román:

Our office represents defendant, Niagara County, New York ("Niagara County"), in the above-referenced civil action. We write pursuant to Your Honor's Order filed July 13, 2023 (ECF No. 199), which directs the defendants to seek leave in writing to file additional arguments unique to them with regard to the motion to dismiss, as well as Your Honor's Order filed on September 1, 2023 (ECF No. 295), which directs the defendants to seek leave in writing to file additional arguments unique to them with regard to the motion to sever and transfer venue. We respectfully request leave to file additional arguments that are unique to Niagara County and distinct from the other defendants with respect to both the motion to dismiss and the motion to sever and transfer venue.

In connection with the motion to dismiss, Niagara County's proposed independent memorandum of law will supplement the consolidated memorandum of law to discuss in greater detail aspects of the motion to dismiss that are unique to Niagara County. For example, whether this action raises justiciable issues which are a basis for jurisdiction before this Court is clearly unique to Niagara County as Plaintiffs' claims against Niagara County arise out of circumstances that occurred solely in Niagara County and actions taken solely by Niagara County officials, *i.e.*, Niagara County's issuance of its own State of Emergency Declaration and Local Emergency Orders. In particular, whether Plaintiffs have suffered an injury-in-fact due to the alleged actions of Niagara County is specific to Niagara County and cannot be suitably addressed by a joint motion. For this same reason, not all arguments raised under FRCP 12(b)(6) may be effectively addressed by a joint motion. The allegations specific to Niagara County will be scrutinized to determine whether Plaintiffs have stated claims against Niagara County, not the allegations relating to any of the other defendants, which vary greatly (*see* ECF No. 209 at ¶¶ 125-378). As previously discussed, Plaintiffs' claims against Niagara County arise out of actions taken solely by Niagara County, and these actions stem from the unique factual circumstances present in Niagara County. Moreover, since the relationship between Plaintiffs and Niagara County is extremely attenuated[1], as opposed to the

---
[1] As set forth in the Second Amended Complaint, the only plaintiff allegedly harmed by Niagara County is plaintiff Rapid Reliable Testing NY LLC, as none of the plaintiff hotels are located in Niagara County. (ECF No. 209 at ¶¶ 62-74, 298, 301-302).

Hon. Nelson S. Román
United States District Judge
October 4, 2023
Page 2

relationship between Plaintiffs and other defendants, broadly speaking, the anticipated arguments and defenses raised by Niagara County will differ from those that may be raised by other defendants.

In connection with the motion to sever and transfer venue, Niagara County's proposed independent memorandum of law will supplement the consolidated memorandum of law to discuss in greater detail aspects of the motion that are unique to Niagara County. In some ways, the entire proposed motion to sever could be construed as unique to Niagara County because Niagara County seeks to sever only those claims asserted against Niagara County from the instant action. By its very nature, a motion to sever does not exactly lend itself to a joint brief. As this Court is aware, five (5) factors are analyzed in a motion to sever under FRCP 21, including whether Plaintiffs' claims arise out of the same transaction or occurrence, whether different witnesses and documentary proof are required for the claims, and whether prejudice to Niagara County will be avoided if severance is granted. By way of example, analyzing whether Plaintiffs' claims arise out of the same transaction or occurrence necessarily involves distinguishing the claims against Niagara County from the rest of the defendants, even those defendants who also seek to sever the claims against them, as Plaintiffs' claims against the defendants are based on completely different sets of facts and arise out of separate incidents. By way of further example, whether prejudice to Niagara County will be avoided if severance is granted is certainly unique to Niagara County. While some of the factors may be jointly discussed in a general fashion, an independent memorandum of law will permit Niagara County to supplement the analysis with arguments based on the factual circumstances that are specific to Niagara County.

Additionally, the entire proposed motion to transfer venue of the severed claims could also be construed as unique to Niagara County. Notably, Niagara County will seek to transfer the severed claims to the Western District of New York, and not all of the moving defendants are located within the Western District of New York. Moreover, a motion to transfer venue involves an analysis of eight (8) factors which will necessarily contain arguments that are specific to Niagara County. For example, whether the instant action could have been brought in the Western District of New York is unique to Niagara County, as is whether the operative facts occurred within the Western District of New York. Most importantly, according to the controlling caselaw, whether transfer to the Western District of New York favors the convenience of the witnesses is perhaps the single most important factor, the analysis of which will require Niagara County to submit declarations from its anticipated witnesses with their proposed testimony. This is plainly unique to Niagara County.

For the foregoing reasons, on behalf of Niagara County, we respectfully request leave to file additional arguments unique to Niagara County for both the motion to dismiss and the motion to sever and transfer venue. Thank you for your consideration of this matter.

Respectfully submitted,

*s/Brian P. Crosby*

Brian P. Crosby, Esq.
for GIBSON, McASKILL & CROSBY, LLP
bcrosby@gmclaw.com

cc:   All counsel of record [via CM-ECF]