USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    10/17/2023

**MEMORANDUM ENDORSEMENT**

<u>Palisades Estates EOM, LLC et al v. County of Rockland, New York et al</u>, 23-cv-4215 (NSR)


The Court is in receipt of the attached letters from Defendants, dated October 16, 2023 and October 17, 2023, respectively, and the attached letter from Plaintiffs, dated October 17, 2023, responding to the Court's October 12, 2023 Order to "meet and confer to proffer a joint proposal regarding the form of presentation for Defendants' respective additional arguments" (ECF No. 320).

At the outset, the Court notes that the parties failed to proffer a joint proposal. Plaintiffs ask the Court to deny Defendants the opportunity to file *any* supplemental arguments. (ECF No. 322.) Defendants Town of Newburgh and Town Supervisor Gilbert J. Piaquadio ask the Court for permission to file their own supplemental memorandum not to exceed 25 pages. (ECF No. 321.) Meanwhile, writing on behalf of a "majority of the defendants," defense counsel proposes Defendants submit two joint supplemental memoranda of law in addition to the three joint memoranda already authorized by the Court. (ECF No. 323.) One memorandum would present "individualized, fact-based arguments" and "unique legal arguments" on behalf of the Town Defendants, and the other memorandum would present these arguments on behalf of the County Defendants. Defense counsel, however, does not offer an estimate as to how many pages these additional memoranda would require.

The Court ACCEPTS Defendants' proposal in part. As stated in the Court's July 13, 2023 and September 1, 2023 Orders (ECF Nos. 199, 295), Defendants are entitled to file a joint memorandum of law for each of the following: (1) Defendants' memorandum in support of Defendants' motion to dismiss; (2) Defendants' memorandum in opposition to Plaintiffs' motion for preliminary injunction; and (3) Defendants' memorandum in support of Defendants' motion to sever and transfer. Each memorandum was limited to 75 pages.

In addition to these three joint memoranda of law, Defendants are permitted to also file the following:

(1) **one** joint supplemental memorandum of law, **on behalf of County Defendants**,[1] presenting "individualized, fact-based arguments" and "unique legal arguments" <u>in support of Defendants' motion to dismiss and in opposition to Plaintiffs' motion for preliminary injunction</u>, **not to exceed 30 pages**;

---

[1] Dutchess County (ECF Nos. 279, 316); Onondaga County (ECF No. 281); Niagara County (ECF No. 311); and Rensselaer, Herkimer, Genesee, Orleans, Greene, Chautauqua, Fulton, Oswego, Otsego, Schoharie, Tioga, and Wyoming Counties (ECF No. 316); and Oneida County (ECF No. 318).

(2) *one* joint supplemental memorandum of law, ***on behalf of Town Defendants***,[2] presenting "individualized, fact-based arguments" and "unique legal arguments" <u>in support of Defendants' motion to dismiss and in opposition to Plaintiffs' motion for preliminary injunction</u>, ***not to exceed 30 pages***; and

(3)  *one* joint supplemental memorandum of law, ***on behalf of all Defendants***,[3] presenting "individualized, fact-based arguments" and "unique legal arguments" <u>in support of Defendants' motion to sever and transfer</u>, ***not to exceed 15 pages***.

The Court will disregard and strike any portion of the parties' papers exceeding the page limits set by the Court.

The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 314, 316, and 318.

DATED: October 17, 2023

White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[2] Town of Newburgh and Town Supervisor Gilbert J. Piaquadio (ECF No. 282, 294); Town of Poughkeepsie (ECF Nos. 279, 316); Town of Salina (ECF Nos. 310, 318); and Town of Orangetown and Town Supervisor Teresa M. Kenny (ECF No. 314).

[3] Niagara County (ECF No. 311); Town of Colonie (ECF No. 313); Rensselaer, Herkimer, Genesee, Orleans, Greene, Chautauqua, Fulton, Oswego, Otsego, Schoharie, Tioga, Wyoming, and Dutchess Counties and Town of Poughkeepsie (ECF No. 316).

## MACVEAN, LEWIS, SHERWIN & MCDERMOTT, P.C.

JEFFREY D. SHERWIN
THOMAS P. CLARKE
KEVIN F. PRESTON
————

OF COUNSEL
HON. ROBERT A. ONOFRY
NYS SUPREME COURT JUSTICE
(RET.)
————

NICHOLAS J. BERWICK

ATTORNEYS AT LAW

34 GROVE STREET – P.O. BOX 310
MIDDLETOWN, NEW YORK 10940
(845) 343-3000
(845) 856-5178
FAX (845) 343-3866

October 16, 2023

PAUL T. MCDERMOTT (RET.)
KENNETH A. MACVEAN
(1926-1999)
KERMIT W. LEWIS
(1923-2002)
LOUIS H. SHERWIN
(1917-2013)
V. FRANK CLINE
(1919-1997)
————

REFER TO: J56,015

**VIA ECF**
Honorable Nelson S. Román, U.S.D.J.
Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601

> Re: Case No. 7:23-cv-4215 (NSR)
> Palisades Estates EOM, LLC *et al.* v. County of Rockland, *et al.*

Dear Judge Román:

Our firm represents the defendants, Town of Newburgh, New York and Gilbert J. Piaquadio, in his capacity as Town Supervisor of the Town of Newburgh, New York (referred to herein collectively as the "Newburgh Defendants") in the above referenced action. I write to the Court to request clarification and/or reconsideration of the Court's recent Order dated October 12, 2023 in this matter. (Dkt. No. 320). We have conferred with plaintiffs' counsel and advised that we were submitting this letter.

On August 22, 2023, we wrote to the Court requesting leave to file a Motion to Dismiss the Second Amended Complaint, and specifically sought leave to file said motion independently and not in a Consolidated Memorandum of Law with other defendants. (Dkt. No. 282). We also requested permission to submit separate opposition to plaintiffs' Motion for a Preliminary Injunction. The reason for this is that the Newburgh Defendants' facts and legal arguments are unique and distinct from all other defendants. We incorporate by reference our above letter to the Court dated August 22, 2023. This application was not opposed by any party, including the plaintiffs, when it was made on August 22, 2023. Today, for the first time, plaintiffs' counsel advised that they are now opposing it.

The Court granted this application by Order dated September 1, 2023. (Dkt. No. 295). After the application was granted, we proceeded to prepare our Memorandum of Law in Support of the Motion to Dismiss the Second Amended Complaint and our Memorandum of Law in opposition to plaintiffs' Motion for a Preliminary Injunction, independently of all other defendants. We did not participate in any telephone calls or video conferences with counsel for other defendants to discuss a Consolidated Memorandum of Law. We also have not requested permission to submit a Supplemental Memorandum of Law. In fact, when we received the Court's

most recent Order this past Friday (Dkt. No. 320), we had already prepared a complete draft of our clients' Memorandums of Law.

Since the Court granted our application to file separate Memorandums of Law on September 1, 2023, our clients' position has not changed. We continue to maintain that the facts and the legal arguments for our clients are separate, distinct, and unique from all other defendants who are moving to dismiss the second amended complaint.

For example, in denying the plaintiffs' second application to reassign a related case from Judge Seibel to Your Honor, this Court ordered, ". . . on the face of the *Newburgh* and *Poughkeepsie* complaints, those cases concern different local municipal codes, and do not affirmatively raise federal claims . . ." (Dkt. No. 186).

In conclusion, the Newburgh Defendants relied upon this Court's Order of September 1, 2023 granting them permission to file separate Memorandums of Law with respect to issues unique to them. The Newburgh Defendants' Memorandums of Law will not exceed 25 pages.

Based on the fact that our clients' motion papers are due in less than one week and we have not participated in integrating our arguments with the other defendants, who are submitting a Consolidated Memorandum of Law, the Newburgh Defendants will be prejudiced if they are not permitted to file separate Memorandums of Law.

In view of the above, to the extent that this Court's Order of October 12, 2023 (Dkt. No. 282) affects the Newburgh Defendants, we respectfully request that the Newburgh Defendants be permitted to file separate Memorandums of Law with factual and legal arguments unique to our clients, as originally granted in the Order dated September 1, 2023 (Dkt. No. 295).

Thank you for your kind attention to the above.

Respectfully yours,

JEFFREY D. SHERWIN

JDS/NJB
cc:     All Counsel via ECF
         Perry M. Amsellem, Esq., Attorney for Plaintiffs
              By Email: pamsellem@pryorcashman.com and via ECF
         Todd E. Soloway, Esq., Attorney for Plaintiffs
              By Email: tsoloway@pryorcashman.com and via ECF



## PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806        pryorcashman.com

**Perry M. Amsellem**

Direct Tel: 212-326-0119
Direct Fax: 212-798-6315
PAmsellem@PRYORCASHMAN.com

October 16, 2023

**VIA ECF**

Hon. Nelson S. Román
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Re:    *Palisades Estates EOM, LLC, et al. v. County of Rockland, New York, et al.,*
> <u>Index No. 7:23-cv-04215-NSR</u>

Dear Judge Román:

We are counsel to Plaintiffs. On October 12, 2023, Your Honor signed a clear Order:

**The Court is in receipt of several letters from the parties regarding supplemental briefing. (See ECF Nos. 314-19.) Although the Court has previously granted several Defendants' respective requests to submit additional, individualized arguments (see ECF Nos. 295, 310, 311, 313), several additional Defendants now respectively request their own opportunities to submit such arguments. In addition to the hundreds of pages of briefing Plaintiffs must respond to (and which the Court must review), Defendants' new requests may add hundreds more. The Court appreciates Defendants' attempts to streamline their arguments and advance their respective clients' positions. The form of presentation for Defendants' additional arguments, however, has become unworkable. Given the prospect of such voluminous supplemental briefing, the Court directs the parties (including those for whom the Court has already granted leave to file supplemental briefing) to meet and confer to proffer a joint proposal regarding the form of presentation for Defendants' respective additional arguments. The parties are directed to file a letter presenting this proposal no later than October 16, 2023. Any proposal must eliminate duplicative legal arguments, streamline shared legal standards, reduce the total number of pages as much as practicable, and consolidate all additional arguments into one document for ease of reference. Moreover, any proposal must enable the parties to adhere to the present briefing schedule, adopted by the Court at ECF No. 309. The Court will not entertain any further extensions of the briefing schedule. SO ORDERED. (Signed by Judge Nelson Stephen Roman on 10/12/2023) (tg)**



## PRYOR CASHMAN LLP

On Friday October 13, 2023, I wrote all counsel for all Defendants requesting that they submit a global proposal to which we could respond and asked that they appoint one or two counsel to permit a workable meet and confer, as Defendants had previously done to work out an initial briefing schedule.

Defendants let 4 days go by with no proposal, no call, and no email, despite Your Honor's directive. Instead at 3:24PM today, counsel for Defendant Town of Newburgh wrote to me stating that "we are writing to the Court to confirm that we are still authorized to submit a separate memorandum of law not to exceed 25 pages. We are not joining in the other defendants' requests to submit supplemental memorandum." We responded by advising that Your Honor's Order was a clear directive to have All Defendants which seek supplemental briefing (in excess of the 75 pages already granted on each of the three pending motions) to jointly propose **one global proposal** which was neither duplicative or cumulative.

If each Defendant were granted 25 pages of supplemental briefing for each of the three pending motions, this Court will receive *1860 additional pages* for each motion – beyond the 525 pages which Your Honor has already directed on these three motions. The whole point of Your Honor's Order signed October 12, 2023, was to avoid that unworkable proposed supplemental briefing that defendants again seek to impose.

Thereafter, at 4:43PM today October 16, 2023, we received a letter from attorney Chelsea Weisbord, stating:

> "[D]efendants are permitted to file joint memorandums of up to 75 pages each. In addition to these three joint memorandums of law, the Town and County Defendants each intend to file a joint supplemental memorandum with respect to the motion to dismiss and preliminary injunction motion with individualized legal arguments. Because defendants are still drafting the joint memorandums for the three motions, we are not in a position to make representations at this time as to the length or substance of these two supplemental memorandums."

These two proposals – by which Defendants intend to submit a supplemental brief without identifying any page limits or how they shall not be duplicative or cumulative – do not comport with Your Honor's Order. Moreover, Ms. Weisbord's letter appears to indicate that Defendants are capable of filing a joint brief with their individualized arguments, but will not provide any specificity (or why those arguments cannot be included in the 75 pages afforded to Defendants). Defendants' requests for supplemental briefing should be rejected. Defendants did not comply with the Court's Order and failed to reach out to us on any of October 13, 14, or 15. Defendants reached out late this afternoon, not to meet and confer, but to inform us that they would be



Hon. Nelson S. Román
October 16, 2023
Page 3

requesting the very supplemental briefing for which Your Honor directed the parties to meet and confer.

Plaintiffs respectfully request that Defendants' request for more supplemental briefing on all three pending motions be denied. To the extent the Court determines it needs additional briefing, such may be addressed at oral argument, as Your Honor did in *Deide*.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Perry M. Amsellem*

Perry M. Amsellem

CC:  All counsel (via ECF)



179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

CHELSEA WEISBORD
CWEISBORD@SOKOLOFFSTERN.COM

October 17, 2023

**VIA ECF**

Honorable Nelson S. Román
United States District Judge
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

Re:   *Palisades Estates EOM, LLC, et al. v. County of
Rockland, et al.*
Index No.: 7:23-cv-04215(NSR)

Your Honor,

I write on behalf of the majority of the defendants to respond to Plaintiffs' letter from this evening [Dkt. No. 322] and in furtherance of the Court's October 13, 2023 Electronic Order directing the parties to "meet and confer to proffer a joint proposal regarding the form of presentation for defendants' respective additional arguments."

By way of relevant background, plaintiffs, Palisades Estates EOM, LLC, Newburgh EOM LLC d/b/a Crossroads Hotel, Ratan Newburgh LLC d/b/a Ramada by Wyndham, South Road Hospitality, LLC, Hudson Conference Center, LLC, Route 9 Hotel LLC, Sai Ram Management LLC, Sandip Patel, Aims Newburgh Management LLC, AIMS Orangeburgh Management LLC, Aims I LLC, ES Albany LLC, and Rapid Reliable Testing filed a second amended complaint, which is currently the operative initiating pleading in this case. [Docket No. 209]. Significantly, the Plaintiffs are private individuals and business entities represented by private counsel, not the City of New York being represented through its Office of Corporation Counsel. (*Id.*)

In their second amended complaint, totaling one hundred four (104) pages, exclusive of the thirteen (13) exhibits attached thereto, Plaintiffs set forth eight (8) claims against thirty (3) different municipalities along with several individuals numbering thirty-seven (37) named defendants in total. (*Id.*) Significantly, the allegations in the second amended complaint make clear the Plaintiffs only have hotels within nine (9) of the thirty-seven (37) named defendants. (*Id.*)

By way of Order dated July 13, 2023, this Court set the briefing schedule in the event Defendants filed a motion to dismiss (ECF No. 199). That same order provided, "[i]f any of the Defendants seek to file additional arguments unique to them, they must seek leave in writing to do so." (ECF No. 199). Thus, since July, Defendants have been operating under the assumption that

SOKOLOFF STERN LLP

Honorable Nelson S. Román
October 17, 2023
Page 2 of 4

they could file supplemental briefs with arguments unique to them, should they determine it necessary to do so. Similarly, Plaintiffs have been aware since July that they may need to respond to supplemental briefs. This Court also directed the Defendants "to inform the Court in writing on or before August 23, 2023 whether they intend to file an answer to the second amended complaint, or whether they will seek to file a motion to dismiss." (ECF No. 199). Unsurprisingly, consistent with Your Honor's directive, almost all of the Defendants have advised the Court and Plaintiffs of their intention to move to dismiss the second amended complaint.

On August 10, 2023, Plaintiffs filed their motion for a preliminary injunction against nine of the thirty-seven defendants: Rockland County, Orange County, Dutchess County, and Onondaga County, the Town of Orangetown, the Town of Newburgh, the Town of Poughkeepsie, the Town of Salina, and the Town of Colonie. (ECF Nos. 239-247). These defendants are the only municipalities in which the Hotel Plaintiffs have real property holdings. By doing so, Plaintiffs again signaled, as they did with the second amended complaint, that they were aware of the lack of tangible connection to the majority of the named municipal defendants. Plaintiffs' memorandum of law in support of their motion is sixty-eight (68) pages; Plaintiffs' declaration in support of their motion, when including the twenty- five (25) exhibits attached to it, exceeds twenty (20) pages; and Plaintiffs' affidavits in support of their motion, including an exhibit, exceed thirty (30) pages. In short, Plaintiffs' motion for a preliminary injunction, in total, is well over one hundred (100) pages. By way of Order dated August 18, 2023, this Court set the briefing schedule for Plaintiffs' motion for a preliminary injunction, required a consolidated brief in opposition, and again specifically indicated that, "[i]f any of the Defendants seek to file additional arguments unique to them, they must seek leave in writing to do so." (ECF No. 276).

Numerous Defendants also advised the Court of their intent to move to sever claims and transfer venue of the severed claims. To streamline the adjudication of the motion for a preliminary injunction, the proposed motion to dismiss, and the proposed motion to sever claims and transfer venue of the severed claims, by way of Order dated September 1, 2023, this Court set the briefing schedules for each motion and, consistent with its prior directives, specifically provided for each motion that Defendants may seek leave to file additional arguments unique to them. (ECF No. 295). Thereafter, in response to correspondence from some defendants regarding the order of adjudication of the three motions, by way of Order dated September 21, 2023, the Court found it "necessary to rearrange the briefing schedules for Defendants' motion to sever and transfer, Plaintiffs' motion for preliminary injunction, and Defendants' motion to dismiss such that each motion is fully submitted on the same date." (ECF No. 305). The Court directed the parties to meet and confer and jointly propose a briefing schedule for all three motions. Consistent with the Court's Order, the parties met and conferred to discuss the proposed briefing schedule. Despite having the opportunity to voice concern about the potential volume of the supplemental briefs during the meet and confer, having known since July that each defendant may potentially request leave to raise arguments unique to it, Plaintiffs' counsel did not do so. The parties filed their joint proposed

SOKOLOFF STERN LLP

Honorable Nelson S. Román
October 17, 2023
Page 3 of 4

briefing schedule on September 28, 2023 (ECF No. 307). This Court so ordered the joint proposed briefing schedule on October 5, 2023 (ECF No. 309).

Then, on October 12, 2023, **only eleven (11) days before Defendants deadline to submit their papers in support of the motion to dismiss and the motion to sever and transfer venue and in opposition to the motion for a preliminary injunction**, Plaintiffs filed a letter to completely upend the procedure that had been outlined by this Court since **July** by which Defendants are to assert their defenses in this matter. The fact that Plaintiffs' counsel waited until just over one week prior to Defendants' upcoming deadline to move to dismiss, sever and transfer venue, and to oppose their request for a preliminary injunction appears to be a tactical move to impede the defendants as they work to complete their joint motion papers.

In response to Plaintiffs' letter, this Court directed the parties to meet and confer to come up with a proposal regarding the supplemental briefing. (ECF No. 320). Defendants first met and conferred among themselves to come up with a proposal, which was provided to Plaintiffs' counsel this afternoon (a copy of which is attached to this letter). Defendants tried to reach Plaintiffs' counsel by telephone to discuss their proposal, but Plaintiffs did not respond. Instead, Plaintiffs submitted a letter last night asking this Court to deny Defendants to submit any supplemental briefs, including those already granted previously (ECF No. 322).

In their October 16, 2023 letter, Plaintiffs' counsel cherry picks language from defendants' October 16, 2023 letter (copy enclosed), and in doing so mischaracterizes it. Our letter proposed that in addition to the joint briefing already directed by the Court, the individual arguments to be raised by certain defendants would be compiled in two **joint** supplemental memoranda of law. One supplemental memorandum of law would be filed jointly on behalf of the Town Defendants, and another supplemental memorandum of law would be filed on behalf of the County Defendants. Our letter proposal also represented that these **_two_** joint supplemental memoranda of law would avoid repetition and present individualized, fact-based arguments. Plaintiffs' suggestion that each defendant is requesting 25 pages of supplemental briefing for each of the three pending motions is wrong. Had plaintiffs' counsel responded to our call and emails this late afternoon, I am certain we could have corrected their misunderstanding. Whether through a supplemental memorandum of law or an attorney declaration, defendants need to be able to separately analyze the set of facts unique to them. Each county acted separately when issuing their emergency and executive orders, and they had their own reasons for doing so—reasons that are unique to each municipality and its infrastructure. Similarly, each town acted separately when enforcing their respective local zoning codes. It is simply not feasible for each defendant to include their factual analysis in the joint memorandum. Additionally, not all of defendants' fact-based arguments are consistent with one another. And some defendants have unique legal arguments that are specific to them.

This case is not _Deide_. The Second Amended Complaint asserts eight causes of action against 30 separate municipal entities, each with a distinct set of facts. As to the preliminary

SOKOLOFF STERN LLP

Honorable Nelson S. Román
October 17, 2023
Page 4 of 4

injunction, it also entails a 69-page memorandum of law along with a plethora of affidavits and exhibits. It is imperative that defendants have an opportunity to address their individual factual and legal defenses thoroughly. Anything less would be prejudicial to defendants' ability to effectively defend this case. It was Plaintiffs who chose to file a single lawsuit against 30 governmental entities. Your Honor requested a "workable" proposal. Plaintiffs' contention that defendants should be denied the opportunity to submit **any** supplemental briefs is anything but workable under these circumstances.

The law firm representing Plaintiffs has at least nine (9) attorneys working on this case. If Plaintiffs' counsel is unable to provide adequate representation to its clients, then it should advise them of same and to seek either a substitution of counsel or the assistance of co-counsel. Defendants should not be deprived of their rights under the Federal Rules of Civil Procedure and other applicable federal law to adequately move to dismiss or to sever and transfer venue simply because Plaintiffs' counsel is overwhelmed by the potential individual, supplemental pleading.

For the reasons set forth above, the defendants respectfully request permission to file supplemental briefings as outlined in our letter proposal.

We thank the Court for its consideration of this matter.

Very truly yours,

SOKOLOFF STERN LLP

*Chelsea Weisbord*

CHELSEA WEISBORD

cc: all counsel or record via email