

**Todd E. Soloway**
Partner
Direct Tel: 212-326-0252
Direct Fax: 212-798-6328
TSoloway@pryorcashman.com

July 2, 2024

<u>VIA ECF</u>

Hon. Nelson S. Román
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    ***Palisades Estates EOM, LLC, et al. v. County of Rockland, New York, et al.*,
<u>Case No. 7:23-cv-04215-NSR</u>**

Dear Judge Román:

      We represent Plaintiffs in the above-referenced action. We write to advise the Court of a recent development relevant to Defendant Town of Poughkeepsie's pending motion to dismiss the Second Amended Complaint (the "SAC").

      On April 9, 2024, Poughkeepsie voluntarily discontinued *Town of Poughkeepsie v. South Road Hospitality LLC*, (Sup. Ct., Dutchess County) Index No. 2023-51688 (the "Poughkeepsie State Action"). (*See* Poughkeepsie's Notice of Discontinuance, attached hereto as <u>Exhibit 1</u>.) Poughkeepsie's motion to dismiss the SAC is largely predicated on the pendency of the Poughkeepsie State Action.

      Indeed, in Defendants' Memorandum of Law in Support of their Motion to Dismiss the SAC (ECF No. 354) and Town Defendants' Supplemental Memorandum of Law in Support of their Motion to Dismiss the SAC (the "Towns' Supplemental MOL") (ECF No. 356), the Town Defendants – including Poughkeepsie – rely heavily on the *Younger* and *Colorado River* doctrines of abstention as purported bases for dismissal of Plaintiffs' claims against the Town Defendants. In the Towns' Supplemental MOL, Poughkeepsie notes:

> Defendant Town of Poughkeepsie joins in and incorporates by reference the arguments raised by the other Town Defendants within this memorandum, as well as Defendants' joint memoranda of law in opposition to Plaintiffs' motion for a preliminary injunction and in support of Defendants' motion to dismiss the SAC, <u>including but not limited to the above-referenced arguments regarding *Younger* and *Colorado River* abstention</u>.

(ECF No. 356 at 32 (emphasis added).)


PRYOR CASHMAN LLP

Hon. Nelson S. Román<br>
July 2, 2024<br>
Page 2

The crux of Poughkeepsie's abstention arguments is that the Poughkeepsie State Action concerns issues that overlap with the issues presented in this action such that the Court should abstain from its "virtually unflagging obligation to exercise [its] jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012); (*see* ECF No. 356 at 7–16). While the arguments in favor of abstention advanced by Poughkeepsie and the other Defendants have always lacked merit, Poughkeepsie conclusively foreclosed its abstention arguments by voluntarily discontinuing the Poughkeepsie State Action.

It is axiomatic of abstention generally – and the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), specifically – that without the pendency of a state court action, there is no basis for a federal court to abstain. *See, e.g., Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237 (1984) (affirming decision not to abstain where no state action was pending, noting *Younger* abstention is applicable where "federal claims have been or could be presented in <u>ongoing</u> state judicial proceedings that concern important state interests" (emphasis added)); *Niagara Mohawk Power Corp.*, 673 F.3d at 100 (noting *Colorado River* abstention is applicable "when <u>parallel state-court litigation</u> could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources" (emphasis added)).

Because Poughkeepsie voluntarily discontinued the Poughkeepsie State Action, Poughkeepsie's abstention arguments are moot.

Thank you for the Court's attention to this matter.

Respectfully submitted,<br>
<br>
Todd E. Soloway

cc:    All counsel (via ECF)