Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

Present:

Hon. Maria G. Rosa, Justice

---

In the Matter of the Application of
THE COUNTY OF DUTCHESS; WILLIAM F.X. O'NEIL, in
his capacity as County Executive of the County of Dutchess;
DUTCHESS COUNTY DEPARTMENT OF COMMUNITY
AND FAMILY SERVICES; and SABRINA JAAR
MARZOUKA, in her capacity as Commissioner of the Dutchess
County Department of Community and Family Services,

        Petitioners-Plaintiffs,    DECISION AND ORDER

-against-                Index No.: 2023-51697

THE CITY OF NEW YORK; ERIC ADAMS, in his capacity as  Motion Sequence: 1
Mayor of the City of New York; MOLLY WASOW PARK, in
her capacity as Commissioner of the New York City Department
of Social Services; ROUTE 9 HOTEL LLC, a/k/a ROUTE 9
LLC, d/b/a the RED ROOF INN 394; and SAI RAM
MANAGEMENT LLC d/b/a HOLIDAY INN,

        Respondents-Defendants,

-and-

NEW YORK STATE OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE,

Nominal Respondent-Defendant,

for a Judgment Pursuant to Article 78 and for a Declaratory
Judgment under Article 30 of the Civil Practice Law and Rules.

---

  The following papers were read and considered on Petitioners-Plaintiffs' ("Petitioners") hybrid petition/complaint pursuant to CPLR Article 78 and Section 3001 seeking a declaratory

judgment, permanent injunction and related relief with respect to Respondents-Defendants' ("Respondents") efforts to house migrants[1] in hotels in Dutchess County (the "County"):

| Document: | NYSCEF Doc. No(s).: |
|---|---|
| ORDER TO SHOW CAUSE | 30 |
| AFFIRMATION IN SUPPORT and EXHIBITS A–G | 3–9, 19 |
| AFFIDAVIT IN SUPPORT | 10 |
| MEMORANDUM OF LAW IN SUPPORT | 11 |
| VERIFIED PETITION AND COMPLAINT | 13 |
| TRANSCRIPT OF HEARING HELD MAY 23, 2023 | 40 |
| OTDA LETTER TAKING NO POSITION | 54 |
| ANSWER OF HOTEL RESPONDENTS | 55 |
| MEMORANDUM OF LAW IN OPPOSITION | 56 |
| AFFIDAVIT IN OPPOSITION | 57 |
| AFFIRMATION IN OPPOSITION and EXHIBITS A–O | 58–73 |
| ANSWER OF CITY RESPONDENTS | 102 |
| MEMORANDUM OF LAW IN OPPOSITION | 103 |
| AFFIRMATION IN SUPPORT and EXHIBITS A–H | 104–116 |
| REPLY AFFIDAVITS | 83–84 |
| REPLY MEMORANDUM OF LAW | 117 |
| REPLY AFFIRMATION and EXHIBITS A–H | 118–126 |
| SURREPLY AFFIRMATION and EXHIBIT A | 129–130 |

The relevant background information was previously set forth in the Court's August 4, 2023 Decision and Order granting Petitioners' request for a preliminary injunction, and will not be reiterated herein. On June 6, 2023, Respondents Route 9 Hotel LLC, a/k/a Route 9 LLC, d/b/a Red Roof Inn 394, and Sai Ram Management LLC d/b/a Holiday Inn (collectively, the "Hotel Respondents") filed an answer to the petition and opposition papers. On September 15, 2023, Respondents the City of New York (the "City"), Eric Adams, in his capacity as the Mayor of the City of New York, and Molly Wasow Park, in her capacity as Commissioner of the New York City Department of Social Services (collectively, the "City Respondents") filed an answer to the petition and opposition papers. Petitioners thereafter filed reply papers, and the City Respondents were permitted to file a limited surreply. Nominal Respondent-Defendant New York State Office of Temporary and Disability Assistance ("OTDA") states that it takes no position. This matter is now fully briefed for decision on the merits of the petition.

---

[1] In filings subsequent to the Court's August 4, 2023 Decision and Order, the parties appear to now agree that that this term is appropriate for the individuals sought to be transported from the City of New York and housed in hotels in Dutchess County.

In brief, Petitioners assert that the City Respondents exceeded their legal authority and acted arbitrarily and capriciously in determining to transport migrants to Dutchess County, to be placed in hotels which had contracted with the City for that purpose. On May 23, 2023, the Court issued a temporary restraining order enjoining the City Respondents from transporting any additional migrants to Dutchess County and requiring them to continue to provide financial support for the migrants already placed in the County, among other relief granted to Petitioners. That injunctive relief was continued by preliminary injunction issued August 4, 2023. Since June, no party has submitted any further affidavits or documentation regarding the status of the migrants placed in the County at the Red Roof Inn. The only additional facts submitted for consideration on the merits of the petition are correspondence and statements made by or on behalf of the City and the Governor with respect to the migrant crisis. Accordingly, Petitioners' claims will be analyzed pursuant to the facts presented to the Court in May and June of this year.

CPLR 7803(3) provides, in relevant part: "The . . . questions that may be raised in a proceeding under [CPLR article 78] are . . . whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion[.]" An action is arbitrary and capricious or an abuse of discretion "when it is taken without sound basis in reason or regard to the facts" (*Matter of Sternberg v NY State Off. for People with Dev. Disabilities*, 204 AD3d 680, 682 [2d Dept 2022] [internal quotation omitted]), or "unreasonable, irrational or indicative of bad faith" (*Matter of Zutt v State*, 99 AD3d 85, 97 [2d Dept 2012] [internal quotation omitted]). Based upon all parties' submissions, this dispute presents two essential issues: whether the Hotel Respondents' hotels are to be used as "shelters" subject to OTDA and Dutchess County oversight, and whether the City Respondents have legal authority for that use without notice to or approval from the County or New York State.

With respect to the first issue, Respondents argue that the regulations under the Social Services Law exclude commercial hotels from being defined as "shelters" under the facts presented here. Specifically, 18 NYCRR § 491.2(f) provides, in relevant part: "A commercial hotel or motel used as temporary placement . . . shall not be considered a shelter . . ., *so long as such hotel or motel is not used primarily to provide shelter to recipients of temporary housing assistance*" (emphasis added). The Hotel Defendants assert that "[t]o date this year, 88 [migrants] have received accommodations at the Red Roof Inn", that "New York City has agreed to provide and/or pay for rooms, food, laundry, and a fully [sic] array of medical and social services," and that "[t]he Red Roof Inn . . . is continuing to offer accommodations to individuals who are not [migrants] at the same time that the [migrants] are staying there." No evidence was submitted regarding the total capacity of the Red Roof Inn, how many rooms were occupied by migrants, or the nature of the "full[] array of medical and social services" being paid for by the City. Nor was any evidence submitted to rebut the findings of Petitioners' officials, raised at the May 23, 2023 oral argument and in subsequently filed affidavits, that most of the rooms at the Red Roof Inn were being occupied by migrants who were primarily adult males; that the lobby/reception area of the hotel was occupied by a commercial refrigerator and tables for food service; and that agents of the City Respondents were providing information, social services, medical services and security, and displacing the hotel's reception staff. The foregoing facts from the Hotel Respondents and Petitioners demonstrate that the Red Roof Inn, at least as of June of this year, was being operated primarily as a shelter for adults, fitting the definition thereof: "A shelter for adults is defined as an adult care facility established and operated for the purpose of providing temporary residential care, room, board, supervision, information and referral" (18 NYCRR § 491.2[b]).

Page 3 of 6

As a consequence of seeking to operate the hotels as shelters, the City Respondents were required to first obtain approval from OTDA, as well as submit a security plan to OTDA and the Dutchess County Department of Community and Family Services ("DCFS") (18 NYCRR §§ 491.3–4 and 352.39; 352.38). It is undisputed that no approvals were sought from OTDA or Dutchess County prior to the arrival of migrants at the Red Roof Inn.

Respondents nevertheless argue that the emergency declarations by the Governor and Respondent Adams, as well as a guidance document and a "FAQ" published by OTDA, provide them with emergency legal authority to shelter migrants outside the City and without prior notice or approvals. The Court previously found that the authorities relied on by the City Respondents did not clearly support that position, and Respondents have offered no other authorities in answering the petition.

The City Respondents rely heavily on the "FAQ" document, which they assert provides authority for their position that hotels housing migrants outside of the City would not be "shelters," and that the City does not need the State's permission to place large numbers of migrants in such hotels. However, a FAQ published on a State agency website is not independent legal authority, and it is not binding unless it is supported by other valid legal authority or is adopted by the agency as a rule or regulation pursuant to the State Administrative Procedure Act (*see Matter of Med. Socy. of State v Serio*, 100 NY2d 854, 865 [2003]; *Matter of Bd. of Educ. of Kiryas Joel Vil. Union Free School Dist. v State*, 110 AD3d 1231 [3d Dept 2013]); Administrative Procedure Act §§ 102[2], 202). In any event, the FAQ does not actually state that hotels being used to house migrants from the City are not "shelters" under the OTDA definitions noted above. Rather, the document states on this point: "[the City] is contracting with commercial hotels in districts outside of [the City] on a temporary basis to shelter migrants." The statement is non-responsive to the question of whether the hotels would be considered "shelters." Respondents' reliance on the FAQ is, therefore, misplaced.

Respondents' other legal authorities are similarly unavailing. The guidance published by OTDA, Administrative Directive 06-ADM-07 as revised June 7, 2006, states that placements of homeless individuals outside of the City should be a "last resort," and no showing has been made that the City is entirely without resources to shelter the migrants proposed to be sent to Dutchess County. Regarding the City Respondents' executive orders, the Court previously found that they are limited in their applicability to the geographic boundaries of the City pursuant to Executive Law § 24(1), and have no legal force in Dutchess County. Finally, the relevant executive order from the Governor, No. 28 issued May 9, 2023, did not suspend or modify any provisions of the Social Services Law or make any statement with respect to the use of hotels housing migrants, other than to declare that no landlord-tenant relationship would arise between such hotels and migrants staying in them. Therefore, Respondents' plans to house large numbers of homeless migrants in hotels located in Dutchess County without State or County approval are without legal basis and must be annulled and permanently enjoined. Additionally, the Court finds that the City Respondents' determination to proceed with such plans without prior notice to, consultation with, or approval from Petitioners was "unreasonable [and] indicative of bad faith" (*Zutt*, 99 AD3d at 97). Petitioners are therefore entitled to the relief demanded in their petition.

Given the above, the Court need not reach Respondents' other arguments concerning the unconstitutionality of Petitioners' actions herein or any alleged conflict with other State or Federal law. These arguments were largely rendered moot by the expiration of the County's Executive

Order on May 23, 2023. Respondents have also failed to furnish any evidence of an unlawful interference with the Hotel Respondents' right to contract or of any discriminatory purpose behind Petitioners' efforts to seek proper application of New York law.

Based on the foregoing, it is hereby

**ORDERED** that the Petition is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that the determinations of the City Respondents to transport migrants to the County of Dutchess and house them in hotels located in the County violated lawful procedure, are without basis in law, and are arbitrary, capricious and an abuse of discretion; and it is further

**ORDERED** that Respondents, as well as their agents, servants, representatives and employees, are hereby permanently restrained and enjoined from transporting any homeless adult or minor individuals residing in or in need of temporary shelter(s) within the City of New York to any hotel or other facility allowing short-term overnight rentals within the County of Dutchess; and it is further

**ORDERED** that within one hundred eighty (180) days of the date hereof, the City Respondents shall arrange for transport back to the City of all migrants who remain housed at the Red Roof Inn, if any; and it is further

**ORDERED** that until such time as all migrants have departed the Red Roof Inn, Petitioners shall continue to be entitled to make statutory safety inspections and provide medical and other services at the Hotel Respondents' facilities as authorized or required by law, upon reasonable notice to Respondents, and such inspections and services shall not interfere with services being provided to any migrants within the County of Dutchess; and it is further

**ORDERED** that the City Respondents shall continue to provide and shall continue to incur all related reasonable expenses for services provided to migrants within the County of Dutchess, including but not limited to medical, meals, laundry, security and transportation; and it is further

**ORDERED** that no bond or undertaking shall be required to secure the injunctive relief granted herein.

The foregoing constitutes the decision and order of the Court.

Dated: December 13, 2023
Poughkeepsie, New York

ENTER:

_____
MARIA G. ROSA, J.S.C.

Scanned to the E-File System only

Pursuant to CPLR §5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.

Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, NY 11514

Corporation Counsel NYC Law Department
100 Church Street
New York, NY 10007

Dutchess County Dept. of Law
22 Market Street
Poughkeepsie, NY 12601

Pryor Cashman LLP
7 Times Square
New York, NY 10036