

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

New York | Los Angeles | Miami

pryorcashman.com

**Todd E. Soloway**
Partner
Direct Tel: 212-326-0252
Direct Fax: 212-798-6328
TSoloway@pryorcashman.com

July 19, 2024

**VIA ECF**
Hon. Nelson S. Román
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Palisades Estates EOM, LLC, et al. v County of Rockland, New York, et al.*
<u>Case No. 7:23-cv-04215-NSR</u>

Dear Judge Román:

We represent Plaintiffs in the above-referenced action. We write to advise the Court of an ongoing development relevant to Plaintiffs' pending motion for a preliminary injunction, including an injunction of the state court lawsuits commenced by Defendants seeking to prevent Plaintiffs from providing their public accommodations to migrants and asylum seekers ("Asylum Refugees").

The County of Orange is continuing to enforce its Executive Order (a copy of which is annexed hereto as Exhibit A), notwithstanding that this Court enjoined enforcement of that order as likely unconstitutional and violative of federal civil rights. See *Deide v. Day*, 676 F. Supp. 3d 196 (S.D.N.Y. 2023).

In *County of Orange v. Crossroads Hotel, et al.*, (Sup. Ct., Orange County) Index No. EF003107-2023 (the "Orange County State Proceeding"), Orange County continues prosecute claims to enforce its Executive Order. Indeed, the Complaint in the Orange County State Proceeding asserts two causes of action: (1) seeking a declaratory judgment that Newburgh EOM LLC, the owner of the Crossroads Hotel, and Ratan Newburg L.L.C., the owner and operator of the Ramada by Wyndham Newburgh/West Point, are violating the (now enjoined) Executive Order by making public accommodations available to Asylum Refugees; and (2) seeking a preliminary and permanent injunction enforcing the (now enjoined) Executive Order and precluding Crossroads and Ramada from accommodating Asylum Refugees. (A copy of the Complaint from the Orange County State Proceeding is attached hereto as Exhibit B.)

Because the only basis for Orange County's continued prosecution of the Orange County State Proceeding is to enforce an Executive Order that was enjoined as likely unconstitutional and violative of federal civil rights, and because "a 'presumption of irreparable injury … flows from a violation of constitutional rights,'" *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 636 (2d Cir.



Hon. Nelson S. Román<br>
July 19, 2024<br>
Page 2

2020) (quoting *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996)), the continued prosecution of the Orange County State Proceeding necessarily constitutes irreparable harm to Crossroads, Ramada, and Asylum Refugees.

To the extent Orange County claims it is seeking to enforce a "new" or "revised" Executive Order, this Court has already recognized as a "smoke screen" the use of executive orders to mask otherwise discriminatory behavior – finding the challenge to the County's actions as "pretty compelling." (Tr. of Oral Arg. on June 14, 2023, *County of Orange v. Crossroads Hotel*, No. 7:23-cv-04213-NSR (S.D.N.Y.), ECF Doc. No. 23, at 14-15, 25. The Court also should note that Orange County's complaint in the Orange County State Proceeding has not been amended to assert claims based on any "new" or "revised" Executive Order.

Orange County's continued prosecution of the Orange County State Proceeding clearly evidences the need for a preliminary injunction in the above-referenced action.

Thank you for the Court's continued attention to this matter.

Respectfully submitted,<br>
<br>
Todd E. Soloway

cc:   All counsel (via ECF)